

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| LAWRENCE FRAZEE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD77683** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **January 26, 2016** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Janet Sutton, Judge**

**Before Division Two:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Karen King Mitchell, Judges

Lawrence Frazee appeals, following an evidentiary hearing, the denial of his Rule 29.15 motion for post-conviction relief. Frazee argues that trial counsel provided ineffective assistance in failing to investigate the testimony of two mental health professionals and present such testimony regarding Frazee's mental health at Frazee's sentencing hearing in mitigation of punishment. Frazee argues that, had counsel presented this testimony, Frazee would have received a lesser sentence. We cannot reach the merits of Frazee's claim, however, because his amended Rule 29.15 motion was not timely filed and the motion court failed to make an independent inquiry into whether Frazee was abandoned by post-conviction counsel. Under

these circumstances, we are directed by our Supreme Court to remand the case to the motion court for a determination as to whether the untimely filing was the result of abandonment by Frazee's post-conviction counsel.

**Background**

Frazee was convicted of one count of first-degree robbery and sentenced to 25 years' imprisonment. His conviction and sentence were affirmed on appeal. *State v. Frazee*, 292 S.W.3d 594 (Mo. App. W.D. 2009). The mandate issued in his direct appeal on October 14, 2009.

Frazee filed a pro se Rule 29.15 motion for post-conviction relief on January 11, 2010. The record does not reflect that counsel was appointed, but an assistant public defender entered his appearance on Frazee's behalf on January 28, 2010. The record does not reflect any requests for, or grants of, an extension of time in which to file the amended motion. The amended motion was filed on April 19, 2010.

The amended motion raised three claims for relief that were distinct from those raised in the pro se motion, and the amended motion did not incorporate any of the pro se claims. The motion court held an evidentiary hearing on December 18, 2013, wherein the motion court received testimony from trial counsel, two witnesses regarding Frazee's mental health, and the mother of Frazee's child. Thereafter, the motion court issued findings of fact and conclusions of law, overruling Frazee's amended Rule 29.15 motion. At no point during the proceedings did the motion court inquire into whether Frazee had been abandoned by post-conviction counsel. Frazee appeals.

**Analysis**

At the outset, the State advises that we must remand this matter to the motion court for a determination as to whether Frazee was abandoned by post-conviction counsel. We agree.

In *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), the Missouri Supreme Court held that, "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . . ' to determine if abandonment occurred." *Id.* at 825 (quoting *Vogl v. State*, 437 S.W.3d 218, 228-29 (Mo. banc 2014)). "When the independent inquiry is required but not done, th[e reviewing c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Id.* at 826.

As the State points out, "we are compelled under *Moore v. State* to first examine the timeliness of amended motions in each post-conviction case on appeal." *Childers v. State*, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). "If . . . [the] amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case should be remanded to the motion court for such inquiry." *Id.* "It is our duty to enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." *Id.* (quoting *Moore*, 458 S.W.3d at 826).

Rule 29.15(g)[1] states that,

> [i]f an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, the mandate from Frazee's direct appeal issued on October 14, 2009. The record does not reflect when counsel was appointed, but he entered his appearance on January 28, 2010.

---

[1] All rule references are to the Missouri Supreme Court Rules (2015).

3

Assuming counsel entered his appearance on the same day he was appointed, the amended motion was due no later than March 29, 2010. The amended motion was filed on April 19, 2010, which is outside the initial sixty-day window. But Rule 29.15(g) also provides that "[t]he court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Had counsel sought and received this permissive extension, the amended motion could have been timely, depending on when counsel was appointed, as it would not have been due until potentially as late as April 28, 2010. The record, however, does not reflect either a request for, or a grant of, the permissive thirty-day extension.

Although "motions for extensions of time are routinely and almost always automatically granted if requested, . . . extensions will not be presumed to have been granted without a record thereof." *Childers*, 462 S.W.3d at 828 (internal quotation omitted). And, here, the record simply does not reflect either that counsel requested an extension or that the court granted one on its own motion. "Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed . . . ." *Id*. Without the permissive extension, the amended motion was untimely. Thus, the motion court's decision must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether appointed counsel abandoned Frazee.

"The result of the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate." *Moore*, 458 S.W.3d at 826. "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Blackburn v. State*, 468 S.W.3d 910, 913 (Mo. App. E.D. 2015). On the other hand, "[i]f the motion court determines that the movant was abandoned by post-conviction counsel's untimely

4

filing of an amended motion, the court should permit the untimely filing" and adjudicate the amended motion. *Id.*

Of course, a remand is unnecessary "where all of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law." *Childers*, 462 S.W.3d at 828 (emphasis removed). But because the trial court did not rule on Frazee's initial pro se motion, that is not the case before us. The claims in the amended motion were wholly distinct from those in the pro se motion, and the pro se claims were neither incorporated into the amended motion nor considered by the motion court. Accordingly, it is possible that the motion court considered the wrong motion, and a remand is necessary to resolve the abandonment question.

### Conclusion

The motion court's judgment is reversed, and the matter is remanded to allow the motion court to conduct an independent inquiry into whether Frazee was abandoned by post-conviction counsel.

_____
Karen King Mitchell, Judge

Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer, Judge, concur.