

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| LOUIS JAMES ADAMS, | ) | No. ED102887 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Hon. Nancy L. Schneider |
| | ) | |
| Respondent. | ) | FILED: March 15, 2016 |

## Introduction

Appellant Louis James Adams ("Adams") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. The record before us suggests that Adams's amended motion for post-conviction relief was untimely filed. Because the motion court did not make an independent inquiry into whether Adams was abandoned by post-conviction counsel as a result of the untimely filing, we are compelled by the Supreme Court's holding in Moore v. State to reverse the motion court's judgment and remand the case to the motion court to determine whether Adams was abandoned by post-conviction counsel.

## Factual and Procedural History

Adams was charged in the Circuit Court of St. Charles County with the class B felony of driving while intoxicated as a chronic offender (Count I), the class D felony of driving while license revoked (Count II), and the class D felony of leaving the scene of a motor vehicle

accident (Count III). Adams pleaded guilty to these charges and was sentenced by the trial court as a prior and persistent offender to 15 years' imprisonment on Count I, 10 years' imprisonment on Count II, and 7 years' imprisonment on Count III. The trial court ordered the sentences to run concurrent with each other, but consecutive to a 12-year sentence Adams received in a separate case in St. Charles County. Adams received a sentence totaling 27 years' imprisonment.

Adams filed a timely pro-se motion for post-conviction relief. Post-conviction counsel was appointed and subsequently entered her appearance on April 11, 2012. At that time, post-conviction counsel requested 30 additional days to file an amended motion pursuant to Rule 24.045(g). The transcript from Adams's guilty plea hearing was filed on September 21, 2012. On December 20, 2012, post-conviction counsel filed the amended motion.

On March 11, 2015, the motion court issued its "Findings of Fact, Conclusions of Law and Judgement" denying Adams's amended motion without an evidentiary hearing. While the motion court decided the amended motion on the merits, it made no reference to whether the amended motion had been timely filed. The record shows that the motion court simply noted "[o]n July 20, 2011, Movant filed a Motion to Vacate, Set Aside or Correct Sentence, and an amended motion was filed by counsel on Movant's behalf on December 20, 2012." This appeal follows.

## Points on Appeal

Adams raises two points on appeal. First, Adams contends the motion court clearly erred in denying Adams's Rule 24.035 motion for post-conviction relief without an evidentiary hearing because Adams alleged facts that if proven would entitle him to relief, and which raised matters not conclusively refuted by the record. Specifically, Adams argues post-conviction counsel was ineffective for advising Adams that if he pleaded guilty, he would be sentenced to

2

10 to 12 years of total imprisonment, to run concurrent with his sentence in a separate St. Charles County case. Second, Adams avers the motion court clearly erred in failing to include Findings of Fact and Conclusions of Law in its order and judgment addressing one of the claims made by Adams in his amended motion—that post-conviction counsel was ineffective for failing to advocate for a more favorable sentencing disposition at Adams's sentencing hearing.

## Standard of Review

Appellate review of the denial of a Rule 24.035 post-conviction motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. Wooldridge v. State, 239 S.W.3d 151, 153–54 (Mo. App. E.D. 2007). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court, after reviewing the entire record, is left with a "definite and firm impression that a mistake has been made." Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005). After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary. Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998).

To obtain an evidentiary hearing under Rule 24.035 on a claim of ineffective assistance of counsel, the movant must raise facts, not conclusions, warranting relief; the facts alleged must raise matters not refuted by the record; and the matters must have resulted in prejudice to the movant. May v. State, 309 S.W.3d 303, 306 (Mo. App. E.D. 2010). If an examination of the guilty plea proceedings directly refutes that the movant's plea was involuntary, the movant is not entitled to an evidentiary hearing. Watt v. State, 835 S.W.2d 404, 406 (Mo. App. E.D. 1992).

Rule 24.035 requires the motion court to "issue findings of fact and conclusions of law on all issues presented." Voegtlin v. State, 464 S.W.3d 544, 556 (Mo. App. E.D. 2015). "While there is no precise formula to which findings of fact and conclusions of law must conform, they

3

must address *all* of the issues raised and be sufficiently specific to allow for meaningful appellate review." Id. As a general rule, where the motion court fails to make sufficient findings of fact and conclusions of law, we are required to remand the case to the motion court for the requisite findings and conclusions. Id.

## Discussion

Before this Court may address the merits of Adams's claims, we must determine whether his amended motion was timely filed. Childers v. State, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015). "When an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry' ... to determine if abandonment occurred." Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). As a result, if we determine that an amended motion filed by post-conviction counsel is untimely, but there has been no independent inquiry into abandonment conducted by the motion court, then the case must be remanded to the motion court. Id. at 826. While it is this Court's duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct the abandonment inquiry. Blackburn v. State, 468 S.W.3d 910, 913 (Mo. App. E.D. 2015). In the event a case is remanded to the motion court for an abandonment inquiry, the result of the inquiry determines which motion, the pro se motion or the amended motion, the motion court should adjudicate. Moore, 458 S.W.3d at 826.

On April 11, 2012, post-conviction counsel electronically filed a motion with the motion court entitled "Entry of Appearance and Request for Additional Time in Which to File an Amended Motion" ("Motion for Extension"), in which post-conviction counsel formally entered her appearance on behalf of Adams and requested an additional 30 days' time to file the amended motion pursuant to Rule 24.035(g). The Motion for Extension contains lines for the motion court judge's signature and date, both of which are blank.

4

Rule 24.035(g) specifies that where, as here, no direct appeal of the judgment has occurred, the amended motion must be filed within sixty days of the earlier of:

> (1) *the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed* or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. Rule 24.035(g) (emphasis added)

Rule 24.035(g) additionally states that "[t]he court *may* extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 24.035(g) (emphasis added). Accordingly, if post-conviction counsel's request for an extension was granted by the motion court, the amended motion would have been due within 90 days of September 21, 2012 (the date the complete transcript was filed) and therefore would have been timely filed on December 20, 2012. However, without the grant of an extension of time, the amended motion would have been due within 60 days of September 21, 2012, making the December 20, 2012, filing untimely.

Our careful review of the record reveals no indication that the motion court ever signed the Motion for Extension or otherwise granted post-conviction counsel's request for a 30-day extension. No signed copy of the Motion for Extension exists in the record, and the record contains no docket entry indicating that the motion court ever ruled on the request. Instead, the docket entry for April 11, 2012 simply reads "Entry of Appearance Filed" followed by "Entry of Appearance and Entry Request for additional time." The next docket entry is dated December 20, 2012, and notes that Adams's amended motion has been filed. Further, although the motion court considered the amended motion on the merits, the motion court's Judgment contained no explicit reference to an extension of time or the timeliness of the amended motion.[1]

---

[1] The motion court simply noted that "[o]n July 20, 2011, Movant filed a Motion to Vacate, Set Aside or Correct Sentence, and an amended motion was filed by counsel on Movant's behalf on December 20, 2012."

5

While the motion court may have intended to grant post-conviction counsel's request for additional time, the record before us lacks any basis from which we can make that determination. "Although 'motions for extensions of time are routinely and almost always automatically granted if requested … extensions will not be presumed to have been granted without a record thereof.'" Frazee v. State, 2016 WL 313219, at *2 (Mo. App. W.D. Jan. 26, 2016) (quoting Childers, 462 S.W.3d at 828). The record simply does not reflect that the motion court ever granted the Motion for Extension or otherwise granted Adams a 30-day extension. As explained, without such an extension, the amended motion was untimely. Accordingly, pursuant to the Supreme Court's direction in Moore, the motion court's judgment must be reversed, and the matter must be remanded for the motion court to conduct an independent inquiry into whether post-conviction counsel abandoned Adams.

## Conclusion

The motion court's judgment is reversed and the case is remanded to the motion court for an independent inquiry into whether Adams was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the motion court's inquiry.

KURT S. ODENWALD, Judge

Sherri B. Sullivan, P.J., concurs.
Lisa P. Page, J., concurs.

6