

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| TOUSAINT E. RICHARD, | ) | No. ED102776 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Perry County |
| vs. | ) | |
| | ) | Honorable William L. Syler |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 19, 2016 |

## Introduction

Tousaint Richard (Movant) appeals the judgment of the Circuit Court of Perry County denying his Rule 24.035[1] motion for post-conviction relief. On appeal, Movant presents two points of error. Because Movant's amended motion was filed untimely and the motion court made no independent abandonment inquiry, we reverse and remand.

## Factual Background

In October 2012, Movant pleaded guilty to possession of marijuana with the intent to distribute. Movant was sentenced, pursuant to a plea agreement, to 120 days "shock" imprisonment, with a 15-year suspended execution of sentence.[2] Movant was not released from prison after serving 120 days because the sentencing court received an unfavorable report from

---

[1] Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2015).

[2] Movant would be released from prison after 120 days if the sentencing court received a favorable report from the Department of Corrections. If the sentencing court did not receive a favorable report, Movant would serve the fifteen-year sentence.

the Department of Corrections. Movant filed a timely pro se Rule 24.035 motion for post-conviction relief on April 9, 2013. Counsel was appointed June 26, 2013, and the transcript of the guilty plea and sentencing hearings was filed July 19, 2013. Pursuant to Rule 24.035(g), appointed counsel was required to file an amended motion within sixty days of the transcript being filed. On August 20, 2013, appointed counsel filed a motion requesting a thirty-day extension to file the amended Rule 24.035 motion. The motion court never entered an order ruling on or granting the extension. Appointed counsel filed the amended motion on October 10, 2013, which was outside of the statutory deadline, but would have been timely if the motion court had granted appointed counsel's extension.

The motion court conducted an evidentiary hearing on Movant's amended motion on November 15, 2013. That same day, the motion court denied Movant's Rule 24.035 motion. The motion court issued its written order and judgment over a year later, on December 29, 2014. This appeal follows.

**Abandonment**

Before this Court can review the merits of the case, we must first determine whether we are required to remand the case back to the motion court to conduct an abandonment inquiry. When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the statutory deadline in Rule 24.035(g) can constitute abandonment of the movant. *See Price v. State,* 422 S.W.3d 292, 298 (Mo. banc 2014). Rule 24.035(g) provides, in relevant part:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

If appointed counsel files an untimely amended motion, then the motion court has a duty to undertake an independent inquiry to determine if the movant was abandoned. *Vogl v. State,* 437 S.W.3d 218, 228-29 (Mo. banc 2014); *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). If the motion court finds that the movant has been abandoned by counsel, then the motion court should permit the filing of the late amended motion. However, if the motion court finds that the movant has not been abandoned, and that the late filing was due to the movant's negligence or intentional failure to act, then the motion court should not permit the filing of the amended motion, and instead should adjudicate the movant's initial pro se motion. *Luleff,* 807 S.W.2d at 498.

The Missouri Supreme Court recently took up the issue of abandonment in *Moore v. State,* 458 S.W.3d 822 (Mo. banc 2015). In *Moore,* the movant's appointed counsel filed an amended motion for post-conviction relief past the statutory sixty-day deadline. *Id.* at 824. The motion court considered the merits of the movant's amended motion without first making any inquiry regarding abandonment. *Id.* Our Supreme Court held that when an "untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." *Id.* at 825 (citing *Vogl v. State,* 437 S.W.3d 281, 228-29 (Mo. banc 2014)). The Court held that "the motion court is the appropriate forum to conduct such an inquiry[,]" and because the motion court did not do so, the Court reversed the motion court's judgment and remanded the matter for the court to conduct an abandonment inquiry. *Id.* at 826.

In the present case, the parties do not dispute that Movant's amended motion was filed past the statutory sixty-day deadline. Movant argues that this Court must remand the case back to the motion court to conduct an abandonment hearing because the motion court never ruled on

3

appointed counsel's thirty-day extension request. Respondent asserts the motion court provided a basis to conclude that it had granted appointed counsel's extension request, and therefore we should not remand. Respondent notes that the motion court, in its written judgment, referred to Movant's amended motion as "timely."[3] Respondent argues that the motion court's description of the amended motion as "timely" indicates the motion court granted appointed counsel's thirty-day extension request, and therefore an abandonment inquiry is unnecessary.

Respondent cites *Adams v. State,* 2016 WL 1086487 (Mo. App. E.D. March 15, 2016) in support of its argument. In that case, the movant's appointed counsel filed an untimely amended Rule 24.035 motion. *Id.* at \*1. Appointed counsel previously requested a thirty-day extension to file the amended motion, but the motion court never ruled on the extension request. *Id.* The motion court did rule on the merits of the amended motion, however, which it denied. *Id.* On appeal, this Court remanded the case back to the motion court because "the motion court's judgment contained no explicit reference to an extension of time or the timeliness of the amended motion," and there was no indication anywhere in the record that a thirty-day extension had been granted. *Id.* at \*3. Respondent argues that because the motion court's judgment in the present case explicitly mentioned the timeliness of the amended motion, this case is distinguishable from *Adams.*

We disagree, and conclude that *Adams* supports Movant's argument that the case must be remanded. In the present case, as in *Adams*, the motion court's judgment did not acknowledge that Movant's amended motion was filed outside the statutory deadline, and it did not mention appointed counsel's thirty-day extension request or explain why the request was never ruled on. Furthermore, at the evidentiary hearing, neither the parties nor the court discussed the untimeliness of the amended motion. Although the motion court stated in its judgment, "This

---

[3]In reference to Movant's amended motion, the motion court stated, "This Motion, as amended, timely followed."

4

Motion, as amended, timely followed," the docket sheet is devoid of any ruling on appointed counsel's extension request. As we held in *Adams,* "extensions will not be presumed to have been granted without a record thereof." *Id.* (citations omitted). The record in the present case is insufficient to demonstrate that the motion court granted appointed counsel's thirty-day extension request. As such, Movant's amended motion was filed untimely, and the motion court was required to conduct an independent abandonment inquiry.

We briefly note that a remand is unnecessary "where all of the claims in both the pro se and amended motion have been adjudicated with written findings of fact and conclusions of law." *Frazee v. State*, 2016 WL 313219, at *2 (Mo. App. W.D. Jan. 26, 2016) (quoting *Childers v. State,* 462 S.W.3d 825, 827 (Mo. App. E.D. 2015)). In this case, Movant's pro se motion contained a claim that counsel failed to warn him that his prior criminal history made him ineligible to complete the 120-day "shock" sentencing program. This claim was not adjudicated by the motion court. Therefore, in accordance with *Moore,* we must reverse the motion court's judgment and remand the matter to the motion court for a determination of abandonment and for further proceedings consistent with the motion court's inquiry.

### Conclusion

The judgment of the motion court is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

5