

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| JONATHAN JAMES PRICE, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD34063 |
| | ) | |
| STATE OF MISSOURI, | ) | Filed May 13, 2016 |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Kelly W. Parker

REVERSED AND REMANDED

Jonathan James Price ("Movant") appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. In his sole point on appeal, Movant claims the motion court clearly erred in denying his motion because Movant's trial counsel failed to investigate the testimony of two potential witnesses Movant claimed would have provided a viable defense to the charge against Movant. Because Movant's amended motion was not timely filed and the motion court did not undertake an independent inquiry into whether Movant had been abandoned, we reverse and remand.

On February 20, 2013, Movant was charged by information with one count of felony tampering in the first degree, *see* section 569.080.1(2), RSMo Cum.Supp. 2005, for unlawfully operating or possessing an automobile without the owner's consent. Movant appeared with

1

counsel on March 5, 2013, waived formal arraignment, and entered a guilty plea. Movant's guilty plea was accepted and, having waived a sentencing assessment report, Movant was sentenced on that same date to seven-years' imprisonment; said term to run concurrent with sentences imposed for additional charges not related to this appeal. On March 11, 2013, Movant was delivered to the Department of Corrections. Movant did not appeal his conviction.

On April 30, 2013, Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief, seeking to vacate, set aside, or correct the judgment or sentence.[1] A transcript of the plea hearing was filed in the circuit court on December 11, 2013.

Post-conviction counsel was appointed January 17, 2014. On February 28, 2014, appointed counsel requested a thirty-day day extension of time to file an amended Rule 24.035 motion, pursuant to Rule 24.035(g). There is no indication in the record that the motion court ruled on counsel's motion.[2]

On June 17, 2014, post-conviction counsel filed an amended Rule 24.035 motion. An evidentiary hearing on the merits of Movant's claims was held June 16, 2015. Movant testified via teleconference. The judgment denying Movant's motion for post-conviction relief was filed July 21, 2015. Findings and conclusions included in the motion court's written judgment addressed only those claims raised in Movant's amended motion. Movant timely filed his notice of appeal August 6, 2015.

---

[1] Rule 24.035(b) provides that where, as here, no appeal of the judgment or sentence is taken, a movant's *pro se* post-conviction motion "shall be filed within 180 days of the later of: (1) the date the person is delivered to the custody of the department of corrections; or (2) the date the new judgment or sentence was final for purposes of appeal."

[2] Rule 24.035(g) provides, in part: "The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." In the underlying post-conviction case, there was no ruling on post-conviction counsel's request for additional time beyond the sixty days initially provided under Rule 24.035(g). "Although 'motions for extensions of time are routinely and almost always automatically granted if requested, . . . extensions will not be presumed to have been granted without a record thereof.'" *Frazee v. State*, 480 S.W.3d 442, 445 (Mo.App. 2016) (quoting *Childers v. State*, 462 S.W.3d 825, 828 (Mo.App. 2015)).

Preliminarily, and regardless of any claims made by Movant on appeal, pursuant to *Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015), we are compelled to *sua sponte* examine the record to determine whether appointed counsel complied with the requirements of Rule 24.035(e), which delineates the mandatory time limits for filing amended post-conviction motions. The State contends that Movant's amended motion was untimely,[3] and we agree.

In accordance with the provisions of Rule 24.035, for a movant who has not appealed his judgment of conviction or sentence and has timely filed a *pro se* post-conviction motion, as here, movant's counsel must file any amended motion

> within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g).

The first-mentioned time limit is relevant here. As previously stated, a transcript of the guilty plea hearing and sentencing was filed on December 11, 2013, and post-conviction counsel was appointed on January 17, 2014. Using these dates and commencing with the date counsel was appointed, January 17, 2014, the date an amended post-conviction motion would have been due was March 18, 2014. Movant's amended Rule 24.035 motion filed on June 17, 2014, was untimely.

When appointed post-conviction counsel files an amended motion outside the proscribed time limits, a presumption of abandonment occurs "because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Moore*, 458 S.W.3d at 825 (citations omitted).

---

[3] Movant chose not to file a reply brief, so we are left to decide the timeliness issue without the benefit of any argument by Movant.

Where there exists a presumption of abandonment, the motion court is required to undertake an independent inquiry to determine whether Movant was in fact abandoned by appointed counsel. *Id.* Such an inquiry will determine which post-conviction motion—Movant's *pro se* motion or the amended motion—should be adjudicated by the motion court.[4] *Id.* at 826. There is nothing in the record here to indicate that the required independent inquiry into the issue of abandonment was undertaken by the motion court, thus remand is appropriate.[5]

The motion court's judgment is reversed, and the cause is remanded for the motion court to proceed as *Moore* dictates.

GARY W. LYNCH, J., opinion author

DON E. BURRELL, P.J., concurs

NANCY STEFFEN RAHMEYER, J., concurs

---

[4] The claims in Movant's *pro se* motion "were wholly distinct" from those raised in his amended motion, and only the claims brought in Movant's amended motion were addressed in the motion court's findings and conclusions. *See Frazee v. State*, 480 S.W.3d 442, 445 (Mo.App. 2016) ("remand is unnecessary 'where all of the claims in both the *pro se* and amended motion have been adjudicated with written findings of fact and conclusions of law.'") (quoting *Childers v. State*, 462 S.W.3d 825, 828 (Mo.App. 2015)).

[5] Although enforcement of mandatory timelines in post-conviction rules is this court's duty, the motion court is the appropriate forum to conduct an inquiry on the issue of abandonment by post-conviction counsel. *Moore*, 458 S.W.3d at 826.