

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FOUR</u>

| | | |
|---|---|---|
| MELVIN HUFFMAN, | ) | ED103299 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | 1522-CC00223 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher McGraugh |
| | ) | |
| Respondent. | ) | Filed:  July 12, 2016 |

Melvin Huffman ("Movant") appeals the judgment of the motion court denying his Rule

29.15 post-conviction motion without an evidentiary hearing.  We reverse and remand because

Movant's amended motion was untimely filed and the motion court did not conduct an

independent abandonment inquiry.

## BACKGROUND

After a jury trial, Movant was convicted of one count of statutory sodomy in the first

degree.  Movant's conviction and sentence were affirmed on appeal.  <u>See</u>, <u>generally</u>, <u>State v.</u>

<u>Huffman</u>, 445 S.W.3d 76 (Mo. App. E.D. 2014).  This court issued a mandate on October 30,

2014.

On January 27, 2015, Movant timely filed a *pro se* Rule 29.15 motion for post-conviction

relief.  The record on appeal does not reflect whether counsel was appointed, but an assistant

public defender ("Post-Conviction Counsel") entered her appearance on Movant's behalf on

February 26, 2015.  Concurrently therewith, Post-Conviction Counsel filed a "Motion Requesting an Additional Thirty Days to File an Amended Motion" (hereinafter, "Motion for Extension of Time").  Again, the record on appeal fails to reflect whether said Motion for Extension of Time was ever expressly or explicitly ruled upon by the motion court.  Post-Conviction Counsel filed an amended motion on May 27, 2015.

The amended motion raised additional claims for relief that were in addition to and distinct from those claims raised in Movant's *pro se* motion.  On June 30, 2015, without an evidentiary hearing, the motion court, upon finding the amended motion was "timely" filed, issued its judgment overruling the amended motion.  Nevertheless, the motion court's judgment did not address those claims set forth in Movant's *pro se* motion.   Furthermore, the record on appeal does not reflect an inquiry by the motion court regarding whether Movant had been abandoned by Post-Conviction Counsel.

Movant now appeals.

## DISCUSSION

Initially, this court notes the State and Movant dodge and avoid, respectively, the issue of whether Movant was abandoned by Post-Conviction Counsel.  The merits of this appeal need not be discussed or disposed as we find the motion court erred in refraining to resolve whether Movant was abandoned by Post-Conviction Counsel.

Rule 29.15(g) governs the time limits for filing an amended post-conviction motion. Miller v. State, 478 S.W.3d 530, 533 (Mo. App. E.D. 2015); see also Rule 29.15(g).  In pertinent part, Rule 29.15(g) provides:

> If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of:  (1) the date both a complete transcript has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an

2

entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. *The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.*

Rule 29.15(g) (emphasis added).

The provisos, including all applicable time parameters, for filing a Rule 29.15 post-conviction relief motion are mandatory. Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013). Generally, failure to abide by the confines set forth under Rule 29.15 functions as a complete waiver thereof. Id.; see also Harper v. State, 404 S.W.3d 378, 385 (Mo. App. S.D. 2013) ("[W]here a post-conviction motion is untimely filed, the motion court has no authority to consider it, and it must be dismissed."). However, the Supreme Court of Missouri has recognized a narrow exception regarding the time limits prescribed under Rule 29.15 and Rule 24.035 so as to determine if a movant has been abandoned by post-conviction counsel. Middleton v. State, 200 S.W.3d 140, 143 (Mo. App. W.D. 2006); see also Miller, 478 S.W.3d at 533 (a finding of "abandonment" by the motion court extends the time limitations for filing an amended Rule 29.15 post-conviction motion).

Although the precise circumstances for a finding of "abandonment" are not fixed, Crenshaw v. State, 266 S.W.3d 257, 259 (Mo. banc 2008), commonly, there exists three situations under which our courts have deemed a movant to have been abandoned by post-conviction counsel: (1) when post-conviction counsel fails to take any action with respect to filing an amended post-conviction motion; (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion but fails to do so in a *timely* manner; and (3)

3

when post-conviction counsel overtly acts in a way that prevents the movant's timely filing of a post-conviction motion.  Jensen v. State, 396 S.W.3d 369, 374 (Mo. App. W.D. 2013) (citing Gehrke v. State, 280 S.W.3d 54, 57 (Mo. banc 2009)).

Pursuant to Moore v. State, 458 S.W.3d 822 (Mo. banc 2015), prior to addressing the merits of a movant's post-conviction appeal, this court is obligated to "first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party."  Lomax v. State, 471 S.W.3d 358, 359 (Mo. App. E.D. 2015) (citing Moore, 458 S.W.3d at 826 (holding that upon the untimely filing of an amended post-conviction relief motion, the motion court has a duty to undertake an "independent inquiry" to determine if abandonment occurred)); see, e.g., Mann v. State, 475 S.W.3d 208, 210-12 (Mo. App. E.D. 2015).  Should this court, for instance, conclude an amended post-conviction relief motion was untimely filed by counsel *and* the motion court neglected to undertake an independent inquiry into abandonment, then the matter should be remanded to the motion court so as to conduct said abandonment inquiry.  Childers v. State, 462 S.W.3d 825, 827 (Mo. App. E.D. 2015) ("It is our duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct such an inquiry into abandonment.") (internal citations and quotation marks omitted).  Remand is indispensable, in that "the inquiry into abandonment determines which motion—the initial motion or the amended motion—the court should adjudicate."  Moore, 458 S.W.3d at 826; see also Mann, 475 S.W.3d at 211 ("[T]he significance of such a determination is that, in the event the motion court finds that counsel abandoned movant, it will consider the merits of the amended motion, as abandonment extends the time limitations for filing an amended motion.").

4

When post-conviction counsel requests additional time to file an amended motion, the motion court must expressly grant or deny said request. Adams v. State, 483 S.W.3d 480, 484 (Mo. App. E.D. 2016). "[E]xtensions will not be presumed to have been granted without a record thereof." Childers, 462 S.W.3d at 828; see also Frazee v. State, 480 S.W.3d 442, 445 (Mo. App. W.D. 2016) ("[T]he record simply does not reflect either that counsel requested an extension or that the court granted one on its own motion. . . . Without the permissive extension, the amended motion was untimely.").

In the instant matter, Movant sought appellate review by this court after his conviction by a jury. See, generally, Huffman, 445 S.W.3d 76. Upon affirming Movant's conviction therein, this court's mandate was issued on October 30, 2014. Thereafter, Movant timely filed his *pro se* Rule 29.15 motion for post-conviction relief on January 27, 2015. See Rule 29.15(b) ("If an appeal of the judgment or sentence sought to be vacated, set aside or correct was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence."). On February 26, 2015, Post-Conviction Counsel entered her appearance on behalf of Movant. Simultaneously therewith, Post-Conviction Counsel filed a Motion for Extension of Time. Said Motion for Extension of Time was never expressly or explicitly ruled upon by the motion court. Thus, insomuch as Post-Conviction Counsel's Motion for Extension of Time was never expressly granted, the amended post-conviction motion was due by April 27, 2015. The amended motion, however, was not filed until May 27, 2015—30 days delinquent, pursuant to Rule 29.15(g).

In ruling upon the merits of Movant's belated amended motion, filed by Post-Conviction Counsel, the motion court's judgment is wanting of any "independent inquiry" regarding abandonment. Rather, the motion court's judgment avoids an abandonment analysis by

5

retrospectively granting Post-Conviction Counsel's Motion for Extension of Time. Relevantly, the motion court's judgment reads as follows:

> Counsel for movant entered her appearance on February 26, 2015, received an extension of time and timely filed an amended motion on May 27, 2015.

Our thorough review of the entire record reveals no confirmation that the motion court ever signed or granted Post-Conviction Counsel's Motion for Extension of Time. See, e.g., Adams, 483 S.W.3d at 484 (analogous circumstances under Rule 24.035). Although the motion court may have intended to grant Post-Conviction Counsel's Motion for Extension of Time, the record on appeal lacks any basis for that determination. Id. The motion court cannot retrospectively grant a post-conviction counsel's request for additional time. See, e.g., Frazee, 480 S.W.3d at 445 (reversing the motion court where motion court never granted an extension of time under Rule 29.15); Richard v. State, 2016 WL 1579009, *2 (Mo. App. E.D. April 19, 2016) ("The record in the present case is insufficient to demonstrate that the motion court granted appointed counsel's thirty-day extension request. As such, Movant's amended motion was filed untimely, and the motion court was required to conduct an independent abandonment inquiry.").[1]

Therefore, because Movant's amended motion was untimely filed *and* the motion court did not conduct an "independent inquiry" regarding abandonment, we must reverse the motion court's judgment. This matter shall be remanded to the motion court for an independent inquiry of abandonment and for further proceedings consistent with this court's determination thereof.

---

[1] Remand is unnecessary if the motion court adjudicates, with written findings of fact and conclusions of law, "all of the claims in both the *pro se* and amended motion[s.]" Frazee, 480 S.W.3d at 445 (quoting Childers, 462 S.W.3d at 828); see also Richard, 2016 WL 1579009 at *3. Here, the motion court's judgment only adjudicated those claims as set forth in Post-Conviction Counsel's amended motion; numerous other claims raised in Movant's *pro se* motion were left undisposed.

**CONCLUSION**

The judgment of the motion court is reversed, and the matter is remanded for further

proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Sherri B. Sullivan, P.J. and
Kurt S. Odenwald, J., concur.