

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

PAUL C. WHITE,  ) No. ED103768
 )
      Movant/Appellant,  ) Appeal from the Circuit Court
 ) of St. Charles County
vs.  ) 1411-CC00538
 )
STATE OF MISSOURI,  ) Honorable Richard Zerr
 )
      Respondent.  ) FILED:  December 13, 2016

OPINION

Paul C. White ("Movant") appeals from the motion court's entry of judgment denying, after an evidentiary hearing, his amended Rule 29.15 motion for post-conviction relief. Because the motion court did not conduct an independent abandonment inquiry, we reverse and remand.

Procedural Background

After a 2012 jury trial, Movant was found guilty of first-degree murder (in violation of Section 565.020, RSMo 2000[1]) and one count of first-degree robbery (Section 569.020). On September 17, 2012, the trial court sentenced Movant, as a prior offender, to consecutive life sentences. Movant took a direct appeal, and this court affirmed the trial court's judgment. See State v. White, 421 S.W.3d 560 (Mo. App. E.D. 2014). Our mandate issued on March 19, 2014.

Pursuant to Rule 29.15, which allows a convicted offender to challenge his conviction or sentence after trial, Movant filed a *pro se* motion on June 2, 2014. On June 12, 2014, the motion

---

[1] All further statutory references are to RSMo 2000.

court appointed the public defender to represent Movant. Movant's post-conviction attorney entered his appearance on August 6, 2014, and filed a contemporaneous motion for a 30-day extension of time in which to file an amended motion. The motion court made no express ruling on the motion. Post-conviction counsel filed an amended Rule 29.15 motion on September 10, 2014.

In July 2015, the motion court held an evidentiary hearing on the amended motion. On September 29, 2015, the motion court denied the amended motion in its entirety. This timely appeal followed.

<u>Discussion</u>

The time limits for filing a Rule 29.15 motion for post-conviction relief are mandatory. <u>Eastburn v. State</u>, 400 S.W.3d 770, 773 (Mo. banc 2013). Failing to abide by the Rule's confines generally functions as a complete waiver. <u>Id.</u>; <u>see</u> <u>also</u> <u>Harper v. State</u>, 404 S.W.3d 378, 385 (Mo. App. S.D. 2013) ("[W]here a post-conviction motion is untimely filed, the motion court has no authority to consider it, and it must be dismissed."). Rule 29.15(b) requires that an initial motion for post-conviction relief be filed within 90 days after the date of the appellate court's mandate affirming the judgment or sentence. The proscription against untimely amended motions for post-conviction relief is found in Rule 29.15(g), which provides in pertinent part:

> . . . If an appeal of the judgment sought to be vacated, set aside, or corrected is taken,[2] the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate counsel is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. *The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.*

Rule 29.15(g) (emphasis here).

---

[2] A separate deadline is in place for post-conviction motions where no appeal of the judgment is taken. Rule 29.15(g).

The Supreme Court of Missouri has recognized a narrow exception to Rule 29.15's deadlines. When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the Rule 29.15(g) deadline can constitute "abandonment" of the movant. Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by appointed counsel extends the time limitations for filing an amended Rule 29.15 motion. Id. If post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. Miller v. State, 478 S.W.3d at 533–34 (Mo. App. E.D. 2015). "The motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826.

Here, Movant's amended motion was untimely filed. Our mandate in his direct appeal was issued on March 19, 2014. Movant timely filed his *pro se* motion on June 2, 2014 and his post-conviction attorney was appointed ten days later, setting the deadline for his amended motion as August 11, 2014. Though post-conviction counsel moved for an extension of time, none was ever granted. We have held that "[w]hen post-conviction counsel requests additional time to file an amended motion, the motion court must *expressly* grant or deny said request." Huffman v. State, 493 S.W.3d 892, 895 (Mo. App. E.D. 2016) (citing Adams v. State, 483 S.W.3d 480, 484 (Mo. App. E.D. 2016)) (emphasis added). We cannot presume the motion court granted an extension "without a record thereof," id., so the initial deadline of August 11 was, for the purposes of this appeal, never extended. Accordingly, Movant's amended Rule 29.15 motion, filed on September 10, 2014, was untimely.

Movant's amended motion was untimely filed and the motion court did not conduct an independent inquiry regarding abandonment. As the Supreme Court did in Moore, we reverse the

3

judgment of the motion court and remand for a determination of whether abandonment occurred.[3]

Conclusion

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
Mary K. Hoff, Judge

Robert M. Clayton III, Presiding Judge, and Lisa P. Page, Judge, concur.

---

[3] The State concedes that remand for an abandonment inquiry is the correct result in this case.