

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| TERRANCE T. NORMAN, | ) | No. ED103714 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | 1411-CC00860 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jon A. Cunningham |
| | ) | |
| Respondent. | ) | FILED:  January 24, 2017 |

### OPINION

Terrance T. Norman ("Movant") appeals from the motion court's entry of judgment denying, after an evidentiary hearing, his amended Rule 29.15 motion for post-conviction relief. Because the motion court did not conduct an independent abandonment inquiry, we reverse and remand.

### Procedural Background

After a December 2012 jury trial, Movant was found guilty of first-degree robbery in violation of Section 569.020.[1] On February 11, 2013, the trial court sentenced Movant to twenty-five years' imprisonment. The written sentence indicated that Movant was a "dangerous offender" under Section 558.016. Movant took a direct appeal, and this court affirmed the judgment, though we modified it by ordering that any reference of Movant as a dangerous

---

[1] All further statutory references are to RSMo 2000.

offender be deleted. State v. Norman, 431 S.W. 3d 563, 572 (Mo. App. E.D. 2014). Our mandate issued on June 13, 2014.

Pursuant to Rule 29.15, which allows a convicted offender to challenge his conviction or sentence after trial, Movant filed a *pro se* motion on September 8, 2014. On October 10, 2014, the motion court appointed the public defender to represent Movant. Movant's post-conviction attorney entered his appearance on October 28, 2014, and filed a contemporaneous motion for an extension of time (until January 8, 2015) in which to file an amended motion. The motion court did not rule on counsel's first request for an extension. During a November 2014 status conference, counsel made a second, oral motion for an extension through December 17, 2014. The second motion was granted. On December 17, 2014, post-conviction counsel made a third motion for an extension, again requesting a deadline of January 8, 2015. Though the motion court made no ruling on the third request, counsel filed Movant's amended motion for post-conviction relief on January 8, 2015.

In June 2015, the motion court held an evidentiary hearing on the amended motion. On August 27, 2015, the motion court denied the amended motion in its entirety, addressing each substantive point as enumerated in Movant's amended motion and ignoring the substance of Movant's original *pro se* motion. This timely appeal followed.

Discussion

The time limits for filing a Rule 29.15 motion for post-conviction relief are mandatory. Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013). Failing to abide by the Rule's confines generally functions as a complete waiver. Id.; see also Harper v. State, 404 S.W.3d 378, 385 (Mo. App. S.D. 2013) ("[W]here a post-conviction motion is untimely filed, the motion court has no authority to consider it, and it must be dismissed."). Rule 29.15(b) requires that an initial motion for post-conviction relief be filed within 90 days after the date of the appellate court's

2

mandate affirming the judgment or sentence. The proscription against untimely amended motions for post-conviction relief is found in Rule 29.15(g), which provides in pertinent part:

> . . . If an appeal of the judgment sought to be vacated, set aside, or corrected is taken,[2] the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate counsel is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of the movant. *The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.*

Rule 29.15(g) (emphasis here).

The Supreme Court of Missouri has recognized a narrow exception to Rule 29.15's deadlines. When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the Rule 29.15(g) deadline can constitute "abandonment" of the movant. Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by appointed counsel extends the time limitations for filing an amended Rule 29.15 motion. Id. If post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. Miller v. State, 478 S.W.3d at 533–34 (Mo. App. E.D. 2015). "The motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826.

Here, Movant's amended motion was originally due on December 9, 2014. While post-conviction counsel secured an extension of the deadline until December 17, the motion court never ruled on counsel's subsequent motion to extend the deadline again until January 8, 2015, the day Movant's amended motion was filed. We have held that "[w]hen post-conviction counsel requests additional time to file an amended motion, the motion court must *expressly* grant or deny said request." Huffman v. State, 493 S.W.3d 892, 895 (Mo. App. E.D. 2016) (citing Adams

---

[2] A separate deadline is in place for post-conviction motions where no appeal of the judgment is taken. Rule 29.15(g).

v. State, 483 S.W.3d 480, 484 (Mo. App. E.D. 2016)) (emphasis added). We cannot presume the motion court granted an extension "without a record thereof," id., so the December 17 deadline was, for the purposes of this appeal, never extended. Moreover, the motion court lacked the power to extend the deadline a second time: our Supreme Court "has made clear that one and only one extension of the deadline is permissible." Wilson v. State, 495 S.W.3d 827, 830 (Mo. App. E.D. 2016); Rule 29.15(g) ("The court may extend the time for filing the amended motion for *one* additional period …") (emphasis added). Accordingly, Movant's amended Rule 29.15 motion, filed on January 8, 2015, was untimely.

Movant's amended motion was untimely filed and the motion court did not conduct an independent inquiry regarding abandonment. As the Supreme Court did in Moore, we reverse the judgment of the motion court and remand for a determination of whether abandonment occurred.[3]

## Conclusion

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_Mary K. Hoff_
Mary K. Hoff, Judge

Robert M. Clayton III, Presiding Judge, and Lisa P. Page, Judge, concur.

---

[3] The State and Movant concede that remand for an abandonment inquiry is the correct result in this case.