

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| BRIAN M. MARTIN, | ) | No. ED107773 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Marion County |
| vs. | ) | 18MR-CV00094 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable David C. Mobley |
| | ) | |
| Respondent. | ) | Filed:  August 18, 2020 |

James M. Dowd, P.J., Gary M. Gaertner, Jr., J., and Robin Ransom, J.

## OPINION

This is an appeal from the January 4, 2019 amended judgment of the Circuit Court of Marion County that granted in part Appellant Martin's Rule 24.035[1] amended motion for post-conviction relief.  Because the record before us fails to demonstrate that Martin's appointed counsel's request for extension of time to file his amended motion was granted, we must reverse and remand this case to the motion court to conduct an inquiry into whether the late filing of the amended motion was the result of appointed counsel's abandonment of Martin.

## Background

Martin was originally charged with one count of felony drug trafficking for attempting to distribute 30 grams or more of methamphetamine within two thousand feet of a school and one

---

[1] All references are to Missouri Supreme Court Rules (2019).

count of felony possession of methamphetamine with the intent to distribute. On August 15, 2017, pursuant to plea negotiations, the State filed an amended information removing from the drug trafficking count the allegation that Martin was within close proximity to a school, a change which had the effect of making Martin parole eligible during the course of serving his sentence. No change was made to the other count. Martin pled guilty to the State's amended information and the court entered judgment and forwarded it to the Missouri Department of Corrections.

Martin filed a timely Rule 24.035 motion for post-conviction relief claiming, *inter alia*, that plea counsel was ineffective for failing to conduct sufficient discovery in this case in that counsel withheld from Martin and the court certain exculpatory evidence regarding his physical and psychological state, left inappropriate voicemail messages with his family members, and threatened or coerced Martin to plead guilty. Thereafter, the court granted Martin leave to add additional claims to his initial Rule 24.035 motion in which he argued that while the State in its amended information removed the allegation that he was within two thousand feet of a school when he committed the drug trafficking offense, it failed to make the corresponding changes to the charge description and charge code causing Martin to unknowingly and unintentionally plead guilty to the drug trafficking offense with the sentence-enhancing element of proximity to a school[2]. Martin's supplemental pleading also alleged that the court had no factual basis to accept Martin's plea to drug trafficking near a school, that Martin's guilty plea was made involuntarily, and that he received ineffective assistance of counsel.

Post-conviction counsel was appointed and subsequently entered his appearance on Martin's behalf on April 27, 2018. The transcript from Martin's guilty plea and sentencing

---

[2] While we doubt that Rule 24.035 permits Martin to supplement his initial pro se motion, we need not decide that issue since we are remanding this case for an abandonment inquiry concerning Martin's amended motion which included these supplemental bases for relief.

hearing was filed on August 9, 2018 which meant that Martin's amended Rule 24.035 motion was due on October 8, 2018. Post-conviction counsel requested 30 additional days or to November 7, 2018 to file an amended motion. The record on appeal does not reflect whether this request was ever explicitly ruled upon by the motion court. Nevertheless, post-conviction counsel filed an amended motion on October 23, 2018 alleging that the court's clerical error in listing the wrong charge description and charge code for Martin's guilty plea denied Martin the benefit of his plea bargain and his right to be considered for parole and that no factual basis existed for the court's judgment that Martin was guilty of drug trafficking near a school.

On January 4, 2019, following an evidentiary hearing, the motion court granted Martin's amended motion on the basis of the plea court's error in listing the wrong charge description and charge code for the drug trafficking offense to which Martin intended to plead guilty and on its finding that there was no factual basis for Martin's guilty plea to drug trafficking near a school. The court amended the judgment on Martin's convictions to reflect the proper charge description and charge code for drug trafficking <u>without</u> the enhancing element of proximity to a school. But the court did not dispose of the numerous ineffective assistance of counsel claims raised by Martin in his pro se motion. Additionally, the court made no reference to the timeliness of the amended motion and the record on appeal fails to reflect any inquiry by the motion court regarding whether Martin had been abandoned by post-conviction counsel.

**Discussion**

Because we find based on the record before us that Martin's amended motion was untimely filed, this matter must be remanded to the motion court for a determination as to the disposition of Martin's motion for extension of time to file his amended motion and whether Martin was abandoned by post-conviction counsel.

When post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the statutory deadline in Rule 24.035(g) may constitute abandonment of the movant by his counsel. *Richard v. State*, 487 S.W.3d 504, 506 (Mo. App. E.D. 2016). Rule 24.035(g) provides that where, as here, no direct appeal of the judgment has occurred, the amended motion must be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, the transcript of Martin's guilty plea and sentencing hearing was filed on August 9, 2018, after post-conviction counsel was appointed and entered his appearance on Martin's behalf. Therefore, the amended motion was due on or before October 8, 2018. But Martin's counsel did not file the amended motion until October 23, 2018.

When an amended motion is untimely filed, the motion court has a duty to undertake an independent inquiry to determine if abandonment occurred. *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). The result of the abandonment inquiry determines which motion—the initial motion or the amended motion—the court should adjudicate. *Id.* at 826. Where, as here, it has been determined that an amended motion filed by appointed counsel was untimely, but there has been no independent inquiry to determine if abandonment occurred, then the case must be remanded to the motion court for such inquiry. *Lomax v. State*, 471 S.W.3d 358, 359 (Mo. App. E.D. 2015). While it is our duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct such an inquiry into abandonment. *Id.*

Moreover, Martin's request for an extension of time to file the amended motion did not relieve him of the 60-day statutory deadline because said request was never explicitly ruled upon by the motion court. Rule 24.035(g) provides that "[t]he court may extend the time for filing the amended motion . . . with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." But when post-conviction counsel requests additional time to file an amended motion, the motion court must expressly grant or deny said request. *Huffman v. State*, 493 S.W.3d 892, 895 (Mo. App. E.D. 2016) (citing *Adams v. State*, 483 S.W.3d 480, 484 (Mo. App. E.D. 2016)). Although "motions for extensions of time are routinely and almost always automatically granted if requested, . . . extensions will not be presumed to have been granted without a record thereof." *Frazee v. State*, 480 S.W.3d 442, 445 (Mo. App. W.D. 2016) (quoting *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015)). While the motion court may have intended to grant post-conviction counsel's request for additional time, the record before us lacks any basis from which we can make that determination. Specifically, no signed copy of the motion for extension exists in the record, and the record contains no docket entry indicating that the motion court ruled on the request. Therefore, without the court's explicit ruling on the motion for extension of time, Martin's amended motion is deemed untimely filed and we are compelled under *Moore* to remand this case to the motion court for a determination of abandonment.

We briefly note that a remand is unnecessary "where all of the claims in both the pro se and amended motion have been adjudicated with written findings of fact and conclusions of law." *Frazee*, 480 S.W.3d at 445 (quoting *Childers*, 462 S.W.3d at 828). In this case, the motion court's judgment did not adjudicate any of the ineffective assistance of counsel claims set forth in Martin's pro se motion. Given that these claims were neither incorporated into the

5

amended motion nor considered by the motion court, it is possible that the motion court considered the wrong motion. *Moore*, 458 S.W.3d at 826. Therefore, a remand is necessary to resolve the abandonment issue.

## Conclusion

Accordingly, the judgment is vacated and the cause is remanded with directions to conduct an abandonment inquiry.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and
Robin Ransom, J. concur.