

# In the Missouri Court of Appeals
# Eastern District

DIVISION THREE

| | | |
|---|---|---|
| SAMUEL L. LOMAX, | ) | No. ED101809 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| vs. | ) | of the City of St. Louis |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Respondent. | ) | Filed: June 30, 2015 |

Samuel Lomax appeals from the judgment denying his Rule 29.15 motion without an evidentiary hearing. We reverse and remand.

Before proceeding to the merits, we are compelled under Moore v. State to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party. 2015 WL 1735533 (Mo. banc April 14, 2015). If it is determined that an amended motion filed by appointed counsel is untimely, but there has been no independent inquiry into abandonment, then the case must be remanded to the motion court for such inquiry. Id. It is our duty to enforce the mandatory timelines in the post-conviction rules, but "the motion court is the appropriate forum to conduct such an inquiry" into abandonment. Id.

Rule 29.15(g) provides that where, as here, an appeal of the judgment sought to be vacated, set aside or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of

appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant."

In this case, counsel was appointed on February 5, 2013, after the mandate issued. He sought and was granted a thirty-day extension of time under Rule 29.15(g) to file an amended motion, but did not actually file it until March 6, 2014, over a year after being appointed. Counsel states he misunderstood the deadlines for filing an amended motion when an appeal has been taken and, therefore, the amended motion was untimely due to his error and was not Lomax's fault. He argues that this Court can deem that Lomax was abandoned and proceed to review the merits of the appeal without remand. But, as the Supreme Court clearly stated, the motion court is the appropriate court for determining abandonment. See id. at *3. Lomax also contends that, instead of an unconditional remand, we could hold this appeal in abeyance while the motion court determines abandonment and then supplements the record in this appeal with its findings. We will instead handle this matter as the Supreme Court did in Moore, reversing the judgment outright and remanding the case for a determination of abandonment.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

2