

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| GIORDANIO A. BLACKBURN, | ) | No. ED101791 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Carolyn C. Whittington |
| | ) | |
| Respondent. | ) | Filed: September 1, 2015 |

### *Introduction*

Giordanio Blackburn (Movant) appeals the judgment entered by the Circuit Court of St. Louis County denying his amended Rule 29.15 motion without an evidentiary hearing. Movant contends that trial counsel was ineffective in failing to: (1) request a mistrial or jury instruction following the prosecutor's statements during closing argument; and (2) develop a consistent theory regarding a witness's testimony. We reverse the motion court's judgment and remand to the motion court for an independent inquiry into whether Movant was abandoned by post-conviction counsel and further proceedings consistent with the outcome of the inquiry.

### *Factual and Procedural Background*

On January 20, 2009, Movant entered the home of Al-Regis Clay, Jessica Welch, and three-year-old T.G. and shot and killed Mr. Clay. Holding his gun, Movant ordered Ms. Welch and T.G. to "come the fuck on" and took them outside, where Movant's two co-defendants

waited in the driver's and passenger's seat of a van. After Movant, Ms. Welch, and T.G. entered the vehicle, they drove away.

The State charged Movant and his co-defendants in the same indictment with one count of murder in the first degree, one count of kidnapping, one count of child kidnapping, and three counts of armed criminal action. Defendant filed a motion to sever his trial from that of his co-defendants, which the trial court granted.

The trial court held a jury trial, at the end of which the jury found Movant guilty on all counts. The trial court sentenced Movant to concurrent sentences of life imprisonment without parole for murder, fifteen years' imprisonment for kidnapping, life imprisonment for child kidnapping, and life imprisonment on each count of armed criminal action. We affirmed Movant's conviction and sentence in State v. Blackburn, 383 S.W.3d 490 (Mo.App.E.D. 2012).

Movant filed a timely *pro se* Rule 29.15 motion for post-conviction relief. In his motion, Movant claimed that: (1) the prosecutor engaged in misconduct by charging him with murder in the first degree while charging his co-defendant with murder in the second degree based on the same factual allegations; (2) counsel was ineffective in failing to "challenge movant's charging instrument pretrial as contradictory and a legal impossibility"; and (3) counsel was ineffective in failing to investigate and call three witnesses.

On March 18, 2013, the motion court appointed post-conviction counsel to represent Movant in the proceeding. Ninety-one days later on June 17, 2013, post-conviction counsel filed an amended Rule 29.15 motion and request for evidentiary hearing. In the amended motion, Movant alleged that trial counsel was ineffective in: (1) failing to move to strike and instruct the jury or request a mistrial after the prosecutor's statement during closing argument; and (2) failing

2

to develop a consistent theory regarding whether Ms. Welch was mistaken in her identification of Movant or had a motive to implicate Movant over his co-defendant.

The motion court denied Movant's amended Rule 29.15 motion without an evidentiary hearing. In its findings of fact and conclusions of law, the motion court found that: (1) the prosecutor's statement during closing argument was not improper; and (2) Movant failed to demonstrate prejudice from trial counsel's failure to present a consistent theory regarding Ms. Welch's testimony. Movant appeals.

## *Standard of Review*

Our review of a denial of a motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). In making this determination, we presume that the motion court's findings are correct. Id.

## *Discussion*

In his first point, Movant asserts that the motion court erred in denying his claim that trial counsel was ineffective in failing to request a jury instruction or mistrial after the trial court sustained his objection to the prosecutor's statement during closing argument because nothing in the record refutes his claim that counsel had no reasonable trial strategy for failing to do so. In his second point, Movant asserts that the motion court erred in denying his claim that trial counsel was ineffective in failing to develop a consistent theory regarding Ms. Welch's testimony because he alleged facts unrefuted by the record that entitled him to relief on his claim. In response, the State asserts that, because Movant's amended Rule 29.15 motion was not

timely filed, we should remand the case to the motion court to inquire whether Movant was abandoned by post-conviction counsel.

As an initial matter, we address the State's assertion that Movant's amended motion was untimely. Rule 29.15(g) governs the time limits for filing an amended post-conviction motion. It provides, in pertinent part, that where a movant appeals the judgment sought to be vacated, set aside or corrected, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed by enters an appearance on behalf of movant." Rule 29.15(g).

"[A]n amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." Moore v. State, 458 S.W.3d 822, 826 (Mo. banc 2015). Abandonment by post-conviction counsel "extend[s] the time limitations for filing an amended Rule 29.15 motion." Id. Thus, when post-conviction counsel files an untimely amended motion, "the motion court has a duty to undertake an 'independent inquiry…' to determine if abandonment occurred." Id. If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Id. If the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, the court should permit the untimely filing. Id.

If we determine that post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. Lomax v. State, 2015 WL 3961195, No. ED 101809, at *1 (Mo.App.E.D. June 30, 2015). "It is our duty to enforce the

4

mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." Id. (quoting Moore, 458 S.W.3d at 826).

The record reveals that post-conviction counsel untimely filed the amended Rule 29.15 motion. The motion court appointed post-conviction counsel to represent Movant on March 18, 2013, after the mandate of the appellate court was issued. Nothing in the record suggests that post-conviction counsel requested or the motion court invoked the thirty-day extension of time available under Rule 29.15(g).[1] Thus, the amended motion was due on May 17, 2013. Post-conviction counsel filed the amended motion on June 17, 2013, thirty-one days after the sixty-day time limit.[2] Accordingly, Movant's amended motion was not timely filed.

The record reveals that the motion court did not conduct an independent inquiry into whether Movant was abandoned. "When the inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826. The result of the inquiry into abandonment determines which motion – the initial motion or the amended motion – the court should adjudicate. Id. Accordingly, the motion court's judgment is reversed and the case remanded for the motion court to conduct the independent inquiry to determine if Movant was abandoned.

### *Conclusion*

We reverse the motion court's judgment denying Movant's amended Rule 29.15 motion and remand to the motion court for an independent inquiry into whether Movant was abandoned

---

[1] Rule 29.15(g) provides that the motion court "may extend the time for filing the amended motion for one additional period not to exceed thirty days."

[2] We note that had the motion court granted post-conviction counsel an additional thirty days to file his amended Rule 29.15 motion, Movant's amended motion would have been timely filed on June 17, 2013 because June 16, 2013, the date the motion would have been due, was a Sunday. See Rule 44.01(a).

5

by post-conviction counsel and for further proceedings consistent with the outcome of the court's

inquiry.

_____
Patricia L. Cohen, Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.

6