

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FOUR

| | | |
|---|---|---|
| EZELL ROBERTS, | ) | No. ED101956 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael T. Jamison |
| | ) | |
| Respondent. | ) | Filed: November 3, 2015 |

### *Introduction*

Ezell Roberts (Movant) appeals the judgment of the Circuit Court of St. Louis County denying, after an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. We reverse and remand for an inquiry into whether Movant was abandoned by post-conviction counsel.

### *Factual and Procedural Background*

A jury convicted Movant of fifteen counts of statutory rape and statutory sodomy perpetrated against his step-daughter over the course of several years, beginning when she was nine years old. The trial court sentenced Movant to nine 30-year prison terms and six 7-year prison terms, all to run concurrently. This court affirmed Movant's convictions and sentences. State v. Roberts, 388 S.W.3d 584 (Mo. App. E.D. 2012).

On April 4, 2013, Movant filed a timely *pro se* motion for post-conviction relief asserting seven claims of ineffectiveness of counsel. On May 16, Movant's counsel entered an appearance

and requested additional time to file an amended motion. The court granted that request May 20. Movant's amended motion was due August 14 (*i.e.*, ninety days after counsel's May 16 entry of appearance and request for time). Counsel filed the motion out of time on August 20. In the amended motion, Movant claimed that his trial counsel was ineffective for failing to: (1) adduce into evidence the victim's diary; (2) investigate and interview certain potential witnesses; and (3) adequately cross-examine the victim about a letter she wrote to Movant that was not disclosed to the State and thus not admitted at trial.

On January 24, 2014, the motion court held a hearing on Movant's motion. The untimeliness of the motion was not discussed, and the motion court denied the motion on the merits. Movant now appeals and asserts that the court clearly erred by: (1) failing to make an independent inquiry whether Movant's post-conviction counsel abandoned him by filing his amended motion out of time; and (2) denying Movant's claim that counsel was ineffective for failing to disclose the victim's letter so that it could be adduced at trial.

### *Standard of Review*

Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Mo. Sup. Court Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009).

### *Discussion*

In his first point, Movant asserts that the motion court erred by failing to inquire whether Movant's counsel abandoned him by filing his amended motion out of time. The State concedes this point and agrees that we should remand the case to the motion court for that inquiry.

Rule 29.15(g) governs the time limits for filing an amended post-conviction motion. It provides, in pertinent part, that where a movant appeals the judgment sought to be vacated, set aside, or corrected, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g).

"[A]n amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by post-conviction counsel "extend[s] the time limitations for filing an amended Rule 29.15 motion." Id. Thus, when post-conviction counsel files an untimely amended motion, "the motion court has a duty to undertake an 'independent inquiry ...' to determine if abandonment occurred." Id. If the motion court finds that a movant has not been abandoned, then the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Id. If the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, then the court should permit the untimely filing. Id.

If we determine that post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment, then we must remand the case to the motion court for such an inquiry. Blackburn v. State, 2015 WL 5135192, at *2 (Mo.App.E.D. September 1, 2015). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but the motion court is the appropriate forum to conduct such an inquiry into abandonment." Id. (quotation omitted).

The record confirms that post-conviction counsel filed the amended motion six days after it was due, but the record lacks any indication that the motion court inquired into whether counsel thereby abandoned Movant. "When the independent inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." Moore, 458 S.W.3d at 826. The result of that inquiry determines which motion (the initial motion or the amended motion) the court should adjudicate. Id.

Movant's first point is granted and is dispositive.

### *Conclusion*

The motion court's judgment is reversed, and the case remanded for the motion court to conduct an independent inquiry to determine if Movant was abandoned and for further proceedings consistent with the outcome of that inquiry.

_____
Patricia L. Cohen, Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.

4