

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| DOMINIC LAMAR HAWKINS, | ) | No. ED102065 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| | ) | 1122-CC01635 |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI | ) | Honorable Thomas C. Grady |
| | ) | |
| Respondent. | ) | FILED: November 17, 2015 |

OPINION

Dominic Lamar Hawkins (Movant) appeals from the motion court's entry of judgment denying his Rule 29.15 motion for post-conviction relief. We reverse the motion court's judgment and remand for an inquiry into whether Movant was abandoned by his post-conviction counsel.

Factual and Procedural Background

A jury convicted Movant of two counts of first-degree assault and two counts of armed criminal action. Movant was sentenced to four concurrent terms of 18 years' imprisonment. Movant appealed to this Court, and we affirmed his convictions and sentences in State v. Hawkins, 327 S.W.3d 626 (Mo. App. E.D. 2010).

On January 12, 2011, this Court issued its mandate in Movant's direct appeal. On April 11, 2011, Movant filed his *pro se* motion for post-conviction relief asserting several claims of

ineffective assistance of his trial counsel and violations of his due process rights. On June 7, 2001, the court appointed post-conviction counsel to represent Movant. On June 15, 2011, post-conviction counsel entered an appearance on behalf of Movant and requested 30 additional days to file an amended PCR motion. On June 20, 2011, the motion court granted the request. Post-conviction counsel did not file the amended PCR motion until February 6, 2012.

In the amended PCR motion, Movant also alleged that his trial counsel was ineffective for promising the jury during his opening statement that the jury would hear Movant's testimony even though trial counsel was aware that Movant did not plan to testify unless a particular witness also would testify. Movant alleged that when trial counsel made the statement, he knew he had not secured the presence of the witness and, thus, he knew Movant's decision to testify was uncertain. Movant alleged that, when he subsequently did not testify, he was prejudiced because the jury was allowed to infer that his testimony would have been unfavorable. The amended PCR motion also requested an evidentiary hearing.

On January 24, 2014, the motion court held a hearing on the amended PCR motion in which Movant and his trial counsel testified. The motion court subsequently issued its findings of fact, conclusions of law, and judgment denying Movant's requests for post-conviction relief. This appeal followed.

<u>Standard of Review</u>

This Court's review of the denial of a motion for post-conviction relief is limited to determining whether the motion's court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). "Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made." <u>Blackburn v.</u>

State, 2015 WL 5135192 *2 (Mo. App. E.D. 2015), citing Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009).

Discussion

In his sole point on appeal, Movant claims the trial court erred in denying his PCR motion because the record reflects that Movant's trial counsel was ineffective for promising during opening statement that the jury would hear Movant's testimony. Movant argues that trial counsel's statement constituted ineffective assistance because, when he made this promise, counsel was aware that the decision about whether Movant would testify was uncertain. Movant further argues that counsel was ineffective in making the statement and then allowing the jury to draw a negative inference when Movant did not testify and that such ineffectiveness prejudiced him in that the jury inferred that Movant's testimony would have been unfavorable. Movant requests that we grant him a new trial.

In response, the State argues that Movant's amended PCR motion was not timely filed and that the record does not reveal any finding by the motion court that Movant was abandoned by post-conviction counsel; thus, this Court should remand Movant's case so that the motion court can determine whether the untimely filing of Movant's amended PCR motion was due to abandonment by post-conviction counsel.

Rule 29.15(g) governs the filing of an amended post-conviction motion. It provides, in pertinent part, that if an appeal of the judgment sought to be vacated, set aside, or corrected is taken, then the amended post-conviction motion "shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g).

"The court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Id.

"[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). "Abandonment by appointed counsel extend[s] the time limitations for filing an amended Rule 29.15 motion." Moore, 458 S.W.3d at 825 (internal quotation omitted). "When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry . . . to determine if abandonment occurred." Id. (internal quotation omitted). The motion court should not permit the filing of the amended motion and should proceed with adjudicating the initial post-conviction motion if the court finds that the movant has not been abandoned. Id. On the contrary, if the motion court finds that the movant was abandoned by appointed counsel's untimely filing of the amended motion, the court is directed to permit the untimely filing. Id. at 826.

Here, the motion court appointed post-conviction counsel on June 7, 2011, so Movant's amended PCR motion was due August 6, 2011, which was 60 days after both the mandate of the appellate court had been issued and post-conviction was appointed. August 6, 2011, was a Saturday, so the due date for the amended PCR motion fell to the next business day, Monday, August 8, 2011. As the State notes in its responsive brief, the motion court granted post-conviction counsel's request for an additional 30 days to file the amended PCR motion; therefore, the motion was due on September 7, 2011. However, the amended PCR motion was not filed until February 6, 2012.

This untimely filing of the amended PCR motion gave rise to the motion's court's duty to undertake an independent inquiry to determine if abandonment of post-conviction counsel had

4

occurred.  <u>Moore</u>, 458 S.W.3d at 825.  In its findings of fact, conclusions of law, and judgment, the motion court did not make the independent inquiry.  "When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry."  <u>Id</u>.  "The result of the inquiry into abandonment determines which motion – the initial motion or the amended motion – the court should adjudicate."  <u>Id</u>.  Accordingly, we reverse and remand the case without deciding the merits of Movant's appeal.

Conclusion

For the foregoing reasons, the motion court's judgment denying Movant's amended PCR motion is reversed and the case is remanded for an independent inquiry to determine whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of the court's inquiry.

_____
Mary K. Hoff, Judge

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.