

# Missouri Court of Appeals

## Southern District

### Division Two

DEREK LEWIS,        )
           )
           Appellant,       )
           )
    vs.                )      No. SD33692
           )      Filed: December 16, 2015
STATE OF MISSOURI,      )
           )
           Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

### REVERSED AND REMANDED WITH DIRECTIONS

Derek Lewis ("Lewis") appeals from the judgment of the motion court denying his amended Rule 29.15[1] motion to set aside his conviction of statutory sodomy in the first degree. *See* § 566.062.[2] Because the motion court failed to conduct an independent inquiry into whether Lewis was abandoned by post-conviction counsel following counsel's untimely amended post-conviction motion, we reverse and remand for further proceedings.

---

[1] All rule references are to Missouri Court Rules (2015).

[2] All references to section 566.062 are to RSMo Cum.Supp. (2006). All other references to statutes are to RSMo 2000.

We set forth only those facts necessary to complete our review.[3]  In doing so, we view the evidence in the light most favorable to the motion court's judgment.  *McCauley v. State*, 380 S.W.3d 657, 659 (Mo.App. S.D. 2012).

Lewis was tried before a jury on February 8, 2011, found guilty of statutory sodomy in the first degree, pursuant to section 566.062, and was sentenced to 30 years' imprisonment.  This Court affirmed Lewis' conviction and sentence on direct appeal, with mandate being issued on November 26, 2012.  *State v. Lewis*, 388 S.W.3d 252 (Mo.App. S.D. 2012) (*Lewis I*).

We are compelled, under *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), to examine the issue of timeliness of Lewis' motion for post-conviction relief.  Lewis' *pro se* motion for post-conviction relief was timely filed.[4]  A public defender was appointed to represent Lewis on February 4, 2013, so that counsel's amended motion was due within 60 days pursuant to Rule 29.15(g).  However, counsel was granted an additional 30 days to file an amended motion, and the motion was, therefore, due on May 6, 2013.[5]  The amended motion was not filed until seven months later on December 4, 2013, along with a motion asking the court to consider the amended motion as timely filed.  The State concedes there is no record the motion court took any action on this latter motion.

The motion court failed to conduct an independent inquiry into whether Lewis was abandoned by appointed counsel, as it was required to do where, as here, the amended motion was filed late thereby raising a presumption of abandonment.  *Id.*

---

[3] For a more thorough recitation of the relevant facts of this case, *see Lewis I*.

[4] Lewis had 90 days from this Court's mandate issued on November 26, 2012, to file his *pro se* motion.  Rule 29.15(b).  Lewis' *pro se* motion was filed on January 30, 2013, making it timely.

[5] The 90th day from February 4, 2013, was May 5, 2013, which fell on a Sunday.

2

Pursuant to **Moore**, we must "reverse the motion court's decision outright, and remand the matter for a determination of abandonment and further proceedings consistent with the motion court's inquiry." **Mann v. State**, ___S.W.3d___, *4, 2015 WL 6927149 (Nov. 10, 2015); *accord* **Lomax v. State**, 471 S.W.3d 358, 359 (Mo.App. E.D. 2015).

The judgment of the motion court is reversed and remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

DON E. BURRELL, P.J. - Concurs

GARY W. LYNCH, J. - Concurs