

# Missouri Court of Appeals

## Southern District

### Division One

ERIC JERONE WILLIAMS, )
)
    Movant-Appellant, )
)
v. )   No. SD34199
)   Filed: August 17, 2016
STATE OF MISSOURI, )
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Stanley Moore, Circuit Judge

*Before Bates, P.J., Burrell, J., and Sheffield, C.J.*

## REVERSED AND REMANDED

PER CURIAM. Eric Williams (Williams) appeals from the motion court's order denying Williams' amended Rule 29.15 post-conviction motion after an evidentiary hearing.[1] Because the amended motion was not timely filed and the motion court did not conduct an independent inquiry into abandonment by counsel, we reverse and remand for further proceedings.

---

    [1] All rule references are to Missouri Court Rules (2016). All statutory references are to RSMo Cum. Supp. (2007).

We set forth only those facts necessary to complete our review. Williams was convicted by a jury of three counts of first-degree statutory rape and one count of first-degree statutory sodomy. *See* §§ 566.032, 566.062. The trial court imposed concurrent sentences of 20 years' imprisonment for each rape count and 45 years for the sodomy count. This Court affirmed Williams' convictions and sentences on appeal. *See State v. Williams*, 329 S.W.3d 700 (Mo. App. 2010). Mandate issued on January 25, 2011. On March 31, 2011, Williams filed a timely *pro se* Rule 29.15 motion to vacate, set aside, or correct his convictions. *See* Rule 29.15(b) (requiring the initial motion to be filed within 90 days after appellate court mandate is issued).

On April 18, 2011, the motion court appointed counsel. On May 16, 2011, the motion court granted counsel's request for an additional 30 days to file the amended motion. *See* Rule 29.15(g). Counsel filed the amended motion on Tuesday, July 19, 2011. Thereafter, the motion court conducted an evidentiary hearing and denied Williams' amended Rule 29.15 motion on the merits. This appeal followed.

We are compelled, per *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), to independently determine whether Williams' amended Rule 29.15 motion for post-conviction relief was timely filed. *See Wright v. State*, 488 S.W.3d 263, 264 (Mo. App. 2016); *Laub v. State*, 481 S.W.3d 579, 583 (Mo. App. 2015). Rule 29.15(g) governs the determination of the allowable time period for counsel to file an amended motion. In relevant part, that subpart of the rule states:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

2

*Id*.  Mandate had issued and counsel had been appointed as of April 18, 2011.  The motion court granted counsel an additional 30 days to file the amended motion.  Therefore, counsel had 90 days after April 18, 2011, to file the amended motion.  That 90-day time period ended on Sunday, July 17, 2011.  Because the last day was a Sunday, the actual deadline for filing the amended motion was extended to Monday, July 18, 2011.  *See* Rule 44.01(a).  The amended motion was filed Tuesday, July 19, 2011, which was one day too late.

When appointed counsel files an untimely amended motion, a presumption of abandonment arises.  *See* ***Moore***, 458 S.W.3d at 825.  Therefore, the motion court was required to conduct an independent inquiry into whether Williams was abandoned by appointed counsel.  Because no such inquiry was conducted, we must reverse the motion court's order.  *See* ***Wright***, 488 S.W.3d at 264.  We remand the matter for an independent inquiry into abandonment and further proceedings consistent with the motion court's decision on that issue.  *See* ***id***.



# Missouri Court of Appeals

## Southern District

### Division One

ERIC JERONE WILLIAMS, )
                   )
       Movant-Appellant, )
                   )
v. )      No. SD34199
                   )      Filed:  August 17, 2016
STATE OF MISSOURI, )
                   )
       Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Stanley Moore, Circuit Judge

### <u>CONCURRING OPINION</u>

I concur in the *per curiam* opinion.  I write separately to offer the following two suggestions.

First, ***Moore v. State***, 458 S.W.3d 822 (Mo. banc 2015), had not yet been decided when the amended motion was filed and evidentiary hearing was conducted in this case. ***Moore*** had been handed down, however, before the order denying relief was entered.  The untimeliness of the filing of the amended motion was first raised by this Court on its own motion during the appeal while conducting the required ***Moore*** timeliness review.  So long

as a mere one-day delay can trigger what has happened here, I urge judges and counsel at the motion court level to check the timeliness of *pro se* and amended PCR filings and address any problems there. This one-day delay occurred more than five years ago, but *Moore* and its progeny require this Court to reverse outright and remand for an independent inquiry into abandonment. An appellate court cannot do otherwise even if the movant or both parties implore the court to try something involving less delay. *See, e.g.*, *Mann v. State*, 475 S.W.3d 208, 211-13 (Mo. App. 2015) (denying a request to stay the appeal pending the outcome of motion court's abandonment inquiry); *Lomax v. State*, 471 S.W.3d 358, 359 (Mo. App. 2015) (same holding). Although the issues raised by the amended motion were fully adjudicated by the motion court and fully addressed in the parties' appellate briefs, we are prohibited from reaching the merits.[1] All of the time, effort and expense devoted to this case

---

[1] This is not a trivial problem. Since *Moore* was decided last year, 29 cases have been reversed and remanded so the motion court could conduct an abandonment inquiry. *See, e.g.*, *Lomax v. State*, 471 S.W.3d 358, 359 (Mo. App. 2015); *Blackburn v. State*, 468 S.W.3d 910, 912-13 (Mo. App. 2015); *Gales v. State*, 470 S.W.3d 405, 407-08 (Mo. App. 2015); *Roberts v. State*, 473 S.W.3d 672, 674 (Mo. App. 2015); *Harris v. State*, 474 S.W.3d 600, 603 (Mo. App. 2015); *Mann v. State*, 475 S.W.3d 208, 213 (Mo. App. 2015); *Hawkins v. State*, 476 S.W.3d 313, 316 (Mo. App. 2015); *Silver v. State*, 477 S.W.3d 697, 699 (Mo. App. 2015); *James v. State*, 477 S.W.3d 190, 196 (Mo. App. 2015); *Lewis v. State*, 476 S.W.3d 364, 365 (Mo. App. 2015); *Frazee v. State*, 480 S.W.3d 442, 446 (Mo. App. 2016); *McCullough v. State*, 480 S.W.3d 439, 442 (Mo. App. 2016); *Austin v. State*, 484 S.W.3d 830, 833 (Mo. App. 2016); *Hendricks v. State*, 481 S.W.3d 600, 601 (Mo. App. 2016); *Patton v. State*, 488 S.W.3d 143, 144 (Mo. App. 2016); *Rice v. State*, 482 S.W.3d 464, 466 (Mo. App. 2016); *Shields v. State*, 482 S.W.3d 461, 464 (Mo. App. 2016); *Adams v. State*, 483 S.W.3d 480, 484 (Mo. App. 2016); *Pulliam v. State*, 484 S.W.3d 877, 881 (Mo. App. 2016); *Wallace v. State*, 487 S.W.3d 62, 65 (Mo. App. 2016); *Richard v. State*, 487 S.W.3d 504, 507 (Mo. App. 2016); *Johnson v. State*, --- S.W.3d ----, 2016 WL 1643271, at *2 (Mo. App. E.D. Apr. 26, 2016); *Wright v. State*, 488 S.W.3d 263, 264 (Mo. App. 2016); *Price v. State*, 489 S.W.3d 358, 360-61 (Mo. App. 2016); *Mahone v. State*, --- S.W.3d ----, 2016 WL 2895086, at *3-4 (Mo. App. E.D. May 17, 2016); *Hill v. State*, --- S.W.3d ----, 2016 WL 3453630, at *1 (Mo. App. S.D. June 23, 2016); *Sayre v. State*, --- S.W.3d ----, 2016 WL 3537761, at *3 (Mo. App. W.D. June 28, 2016); *Huffman v. State*, --- S.W.3d ----, 2016 WL 3731454, at *4 (Mo. App. E.D. July 12, 2016); *Williams v. State*, ---S.W.3d ----, 2016 WL 4087054, at *5 (Mo. App. W.D. Aug. 2, 2016). The only recognized exception to this remand requirement is when the motion court has adjudicated all of the claims in both the

since 2011 may have been wasted. We see this occur far too often, and no one is the better for it – not the courts, the lawyers, and certainly not the movants. It is, therefore, in everyone's interest for judges and lawyers in the motion courts to identify and address any *Moore* problems there. *See, e.g.*, *Gale v. State*, --- S.W.3d ----, 2016 WL 3569416, at *2 (Mo. App. S.D. June 30, 2016) (because the motion court conducted an independent inquiry on abandonment and permitted the untimely filing of the amended motion, the appeal could be decided on the merits).

Second, the timing requirements for amended motions in Rule 29.15 or Rule 24.035 proceedings are established by rule. The amount of judicial resources expended to determine timeliness, and the consequences when it is absent, make me wonder whether these rules could be revised to better address the timeliness issue. I leave it to others to ponder whether that could take the form of allowing more than one 30-day extension to file the amended motion, removing the requirement that courts enforce the timing rules when the parties do not raise the issue, requiring prejudice due to the untimely filing as a condition for relief, or some other solution that better balances the need for prompt resolution of post-conviction cases against the efficient use of judicial resources in that process.

JEFFREY W. BATES, P.J. – SEPARATE OPINION AUTHOR

---

*pro se* and amended motions. *See, e.g.*, *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. 2015); *Bustamante v. State*, 478 S.W.3d 431, 435 n.2 (Mo. App. 2015); *Pittman v. State*, --- S.W.3d ----, 2016 WL 2895113, at *4 (Mo. App. E.D. May 17, 2016).