JEFFREY W. BATES, P.J.,
concurring.
I concur in the per curiam opinion. I write separately to offer the following two suggestions.
First, Moore v. State, 458 S.W.3d 822 (Mo.banc 2015), had not yet been decided when the amended motion was filed and evidentiary hearing was conducted in this case. Moore had been handed down, however, before the order denying relief was entered. The untimeliness Of the filing of the amended motion was first raised by this Court on its own motion during the appeal while conducting the required Moore timeliness review. So long as a mere one-day delay can trigger what has happened here, I urge judges and counsel at the motion court level to check the timeliness of pro se and amended PCR filings and address any problems there. This one-day delay occurred more than five years ago, but Moore and its progeny require this Court to reverse outright and remand for an independent inquiry into abandonment. An appellate court cannot do otherwise even if the movant or both parties implore the court to try something involving less delay. See, e.g., Mann v. State, 475 S.W.3d 208, 211-13 (Mo.App.2015) (denying a request to stay the appeal pending the outcome of motion court’s abandonment inquiry); Lomax v. State, 471 S.W.3d 358, 359 (Mo.App.2015) (same holding). Although the issues raised by the amended motion were fully adjudicated by the motion court and fully addressed in the parties’ appellate briefs, we are .prohibited from reaching the merits.[1] All of the time, effort and expense devoted to this case since 2011 may have been wasted, We see this occur far too often, and no one is the better for it—not the courts, the lawyers, and certainly not the movants, It is, therefore, in everyone’s interest for judges and *615 lawyers in the motion courts to identify and address any Moore problems there. See, e.g., Gale v. State, 508 S.W.3d 128, 130-31, 2016 WL 3569416, at *2 (Mo.App.S.D. June 30, 2016) (because the motion court conducted an independent inquiry on abandonment and permitted the untimely filing of the amended motion, the appeal could be decided on the merits).
Second, the timing requirements for amended motions in Rule 29.15 or Rule 24.035 proceedings are established by rule. The amount of judicial resources expended to determine timeliness, and the consequences when it is absent, make me wonder whether these rules could be revised to better address the timeliness issue. I leave it to others to ponder whether that could take the form of allowing more than one 30-day extension to file the amended motion, removing the requirement that courts enforce the timing rules when the parties do not raise the issue, requiring prejudice due to the untimely filing as a condition for relief, or some other solution that better balances the need for prompt resolution of post-conviction cases against the efficient use of judicial resources in that process.

. This is not a trivial problem. Since Moore was decided last year, 29 cases have been reversed and remanded so the motion court could conduct an abandonment inquiry. See, e.g., Lomax v. State, 471 S.W.3d 358, 359 (Mo.App.2015); Blackburn v. State, 468 S.W.3d 910, 912-13 (Mo.App.2015); Gales v. State, 470 S.W.3d 405, 407-08 (Mo.App. 2015); Roberts v. State, 473 S.W.3d 672, 674 (Mo.App.2015); Harris v. State, 474 S.W.3d 600, 603 (Mo.App.2015); Mann v. State, 475 S.W.3d 208, 213 (Mo.App.2015); Hawkins v. State, 476 S.W.3d 313, 316 (Mo.App.2015); Silver v. State, 477 S.W.3d 697, 699 (Mo.App. 2015); James v. State, 477 S.W.3d 190, 196 (Mo.App.2015); Lewis v. State, 476 S.W.3d 364, 365 (Mo.App.2015); Frazee v. State, 480 S.W.3d 442, 446 (Mo.App.2016); McCullough v. State, 480 S.W.3d 439, 442 (Mo.App.2016); Austin v. State, 484 S.W.3d 830, 833 (Mo.App.2016); Hendricks v. State, 481 S.W.3d 600, 601 (Mo.App.2016); Patton v. State, 488 S.W.3d 143, 144 (Mo.App.2016); Rice v. State, 482 S.W.3d 464, 466 (Mo.App.2016); Shields v. State, 482 S.W.3d 461, 464 (Mo.App.2016); Adams v. State, 483 S.W.3d 480, 484 (Mo.App.2016); Pulliam v. State, 484 S.W.3d 877, 881 (Mo.App.2016); Wallace v. State, 487 S.W.3d 62, 65 (Mo.App.2016); Richard v. State, 487 S.W.3d 504, 507 (Mo.App.2016); Johnson v. State, 491 S.W.3d 310, 312-13, 2016 WL 1643271, at *2 (Mo.App.E.D. Apr. 26, 2016); Wright v. State, 488 S.W.3d 263, 264 (Mo.App.2016); Price v. State, 489 S.W.3d 358, 360-61 (Mo.App.2016); Mahone v. State, 504 S.W.3d 71, 74-75, 2016 WL 2895086, at *3-4 (Mo.App.E.D. May 17, 2016); Hill v. State, 499 S.W.3d 311, 312-13, 2016 WL 3453630, at *1 (Mo.App.S.D. June 23, 2016); Sayre v. State, 493 S.W.3d 33, 36, 2016 WL 3537761, at *3 (Mo.App.W.D. June 28, 2016); Huffman v. State, 493 S.W.3d 892, 896-97, 2016 WL 3731454, at *4 (Mo.App.E.D. July 12, 2016); Williams v. State, 494 S.W.3d 638, 644-45, 2016 WL 4087054, at *5 (Mo.App.W.D. Aug. 2, 2016), The only recognized exception to this remand requirement is when the motion court has adjudicated all of the claims in both the pro se and amended motions. See, e.g., Childers v. State, 462 S.W.3d 825, 828 (Mo.App.2015); Bustamante v. State, 478 S.W.3d 431, 435 n. 2 (Mo.App.2015); Pittman v. State; 504 S.W.3d 76, 81-82, 2016 WL 2895113, at *4 (Mo.App.E.D. May 17, 2016).