

# In the Missouri Court of Appeals
# Eastern District
## DIVISION FOUR

| | | |
|---|---|---|
| PAUL GITTEMEIER, | ) | No. ED103189 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| vs. | ) | |
| | ) | Honorable Wesley Clay Dalton |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 20, 2016 |

## Introduction

Appellant Paul Gittemeier ("Gittemeier") appeals from the judgment of the motion court denying his motion for post-conviction relief. Gittemeier filed a timely pro-se motion under Rule 29.15.[1] Gittemeier's privately retained counsel subsequently filed an amended motion for post-conviction relief, but the amended motion was filed after the mandatory deadline as clarified in Stanley v. State, 420 S.W. 3d 532 (Mo. banc 2014). Because the amended motion was untimely filed, we consider only the issues raised by Gittemeier in his pro-se motion. On appeal, Gittemeier does not challenge the motion court's decision relating to his pro-se claim, but focuses solely on the motion court's judgment relating to the claims raised in his amended motion. Since we cannot consider Gittemeier's amended motion, we deny each point on appeal. Our resolution of this appeal would normally result in an affirmance of the motion court's

---

[1] All rule references are to Mo. R. Crim. P. (2015).

judgment, but in light of the importance of the issue presented and for guidance regarding the applicability of the abandonment doctrine in cases where an amended motion for post-conviction relief is filed untimely by counsel not appointed by the motion court, but counsel privately retained by the movant, we order this case transferred to the Missouri Supreme Court pursuant to Missouri Rule of Civil Procedure 83.02.

## Factual and Procedural History

The State charged Gittemeier with one count of felony driving while intoxicated and one count of misdemeanor first-degree trespassing. A jury convicted Gittemeier on both counts, and the trial court sentenced him to fifteen years in prison. We affirmed on direct appeal[2] and issued our mandate on July 18, 2013.

On October 15, 2013, Gittemeier filed a timely pro-se motion for post-conviction relief under Rule 29.15. The pro-se motion alleged, "Trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle pursuant to RSMo. 577.010."

On October 17, 2013, the motion court appointed post-conviction counsel. Appointed counsel requested and received an extension of an additional thirty days to file an amended motion for post-conviction relief. Thus, the amended motion was due on January 15, 2014.

On January 7, 2014, eight days before the amended motion was due, private counsel entered an appearance on behalf of Gittemeier and requested another extension of time to file an amended motion. On January 9, 2014 the motion court entered an order rescinding the appointment of counsel, allowed assigned counsel to withdraw from the case, and granted the extension of time allowing Gittemeier until March 16, 2014 to file his amended motion to vacate sentence.

---

[2] State v. Gittemeier, 400 S.W.3d 838 (Mo. App. E.D. 2013).

2

On March 14, 2014, private counsel for Gittemeier filed an amended motion to vacate sentence. The amended motion restated Gittemeier's pro-se claim, asserting that "[t]rial counsel and [a]ppellate counsel failed to challenge whether an ATV is a motor vehicle pursuant to RSMo. 577.010, thus conceding to a material element of the offense charged." The amended motion included twenty-one additional claims of ineffective assistance of counsel and one claim of prosecutorial misconduct not raised in Gittemeier's pro-se motion.

The motion court held an evidentiary hearing and subsequently denied Gittemeier's amended motion in its entirety. This appeal follows.

## Points on Appeal

Gittemeier raises two points on appeal. First, Gittemeier argues that the motion court clearly erred in denying his amended motion because trial counsel was ineffective for failing to (a) prosecute a motion to suppress, (b) impeach a witness, and (c) endorse an expert witness. Second, Gittemeier argues that the motion court clearly erred in concluding that trial counsel's "failures and obvious shortcomings were part of a coherent trial strategy."

## Discussion

Each of Gittemeier's points on appeal relate to claims of ineffective assistance of counsel asserted only in the amended motion filed by his retained counsel. Before we address the merits of Gittemeier's appeal, we must determine whether his amended motion was timely filed.

### I.    Timeliness of the Amended Motion

Where, as here, the movant filed a direct appeal of a conviction, an amended motion must be filed "within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g). Further, a motion court "may extend the time for filing the

3

amended motion for one additional period not to exceed thirty days." Id. The time limits for filing a Rule 29.15 motion for post-conviction relief are mandatory. Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013). Failure to conform to the filing deadlines generally operates as a complete waiver. Id.

Here, we issued our mandate in Gittemeier's direct appeal on July 18, 2013, and the motion court appointed counsel on October 17, 2013. Appointed counsel requested and received an additional thirty days to file an amended motion; thus, Gittemeier had ninety days from October 17, 2013, to file his amended motion. The amended motion was due on January 15, 2014.

Private counsel retained by Gittemeier entered an appearance in this matter on January 7, 2014, eight days before Gittemeier's amended motion was due. Upon private counsel's entry, the trial court granted a second extension to file the amended motion for post-conviction relief. However, the motion court lacked authority to grant this extension. Once the time limit to file an amended Rule 29.15 motion begins to run, the time limit does not start and restart should new counsel subsequently enter an appearance. Stanley v. State, 420 S.W.3d 532, 540–41 (Mo. banc 2014). Hence, when the time limit on Gittemeier's amended motion began to run on October 17, 2013, the motion court was without authority to extend the sixty-day period beyond "one additional period not to exceed thirty days." Rule 29.15(g). Allowing appointed counsel to withdraw and subsequent counsel to enter an appearance did not restart the time period permitted to file under Rule 29.15(g) because "the date of first appointment of counsel controls the time for

4

filing an amended motion, regardless of whether the court later appoints new counsel or allows new counsel to enter an appearance." Stanley, 420 S.W.3d at 541.[3]

Because Gittemeier's amended motion for post-conviction relief was not filed until March 14, 2014, well after the deadline of January 15, 2014, the amended motion was untimely filed.

## II.     Abandonment Doctrine

Having determined that Gittemeier's amended motion was untimely, we must consider whether the abandonment doctrine may be invoked to allow a further extension of the filing deadline for Gittemeier's amended motion. "[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Abandonment by post-conviction counsel extends the time limitations for filing an amended Rule 29.15 motion. Id. Here, the motion court did not inquire as to whether post-conviction counsel abandoned Gittemeier and improperly proceeded to substantively consider the amended motion. Following the direction of Moore, we normally would remand this matter to the trial court for an independent inquiry into abandonment to determine whether the issues raised in the pro-se motion for post-conviction relief or the amended motion define the scope of the motion court's post-conviction review. Id. at 826. The State argues, however, that remand here is inappropriate because the abandonment doctrine applies only to post-conviction proceedings where the movant is represented by appointed counsel, and that the remedy crafted for matters of abandonment does not extend to post-conviction proceedings where the movant has retained

[3] At the time the motion court granted Gittemeier a second extension of time to file an amended post-conviction motion, the Missouri Supreme Court had not yet handed down Stanley. Prior to the Court's ruling in Stanley, counsel could reasonably rely upon the motion court's exercise of its purported authority to grant additional extensions of time beyond the initial thirty-day extension.

5

private counsel. After thoroughly reviewing the underlying rationale for the abandonment doctrine as recently articulated by the Supreme Court, we agree with the State and hold that the abandonment doctrine recognized by our courts provides relief only to movants in post-conviction proceedings represented by court-appointed counsel.

We begin with a brief history. Because individuals convicted of state crimes have no federal constitutional right to a state post-conviction proceeding, Missouri has broad discretion to determine the extent of post-conviction procedures it will provide. Price v. State, 422 S.W.3d 292, 296 (Mo. banc 2014) (internal citations omitted). Rule 29.15 embodies the full "discretion" exercised by Missouri in allowing post-conviction relief following a trial. Id. Concurrent with the adoption of court rules granting convicted felons certain rights in post-conviction proceedings, the Supreme Court steadfastly has rejected the notion that claims of ineffective assistance of counsel may be raised to challenge the effectiveness of post-conviction counsel. Barnett v. State, 103 S.W.3d 765, 773 (Mo. banc 2003) (citing State v. Hunter, 840 S.W.2d 850, 871 (Mo. banc 1992)) ("a post-conviction movant has no right to effective assistance of counsel").

Against this backdrop, the Supreme Court articulated the doctrine of abandonment in two companion cases: Luleff v. State, 807 S.W.2d 495 (Mo. banc 1991), and Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). In both cases, attorneys appointed by the motion court under Rule 29.15(e)[4] failed to timely file amended motions for post-conviction relief. The requirements for

---

[4] Rule 29.15(e) states, in full:

(e) Pro Se Motion — Appointment of Counsel — Amended Motion, Required When. When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel

appointed counsel in post-conviction proceedings is set forth in Rule 29.15(e). When an indigent person files a pro-se motion, the motion court must appoint counsel. Rule 29.15(e). Appointed counsel must then ascertain whether the pro-se motion was sufficient. Id. If the pro-se motion was inadequate, Rule 29.15(e) requires appointed counsel to file an amended motion. Id. If appointed counsel determines that no amended motion is needed, appointed counsel must file a statement with the motion court "demonstrating what actions were taken" to ensure that the pro-se motion was adequate. Id. By its plain language, Rule 29.15(e) outlines the parameters and procedures that both the motion court and *appointed counsel* must follow to ensure a minimum level of representation of indigent persons. The plain language of Rule 29.15(e) does not refer to privately retained counsel.

In Luleff, counsel appointed by the motion court under Rule 29.15(e) took no action on behalf of the movant. 807 S.W.2d at 497. The Court explained that the purpose of Rule 29.15(e) was frustrated because appointed counsel's failure to effectively represent the movant did not meet the "minimal level of assistance contemplated by the postconviction rules." Id. The Supreme Court has reasoned that appointed counsel's performance is essential to the post-conviction process because the limited scope of our appellate review in Rule 29.15(j)—we only reverse if a motion court's decision was clearly erroneous—assumes that "the motion court and appointed counsel will comply with all provisions of the rule." Price, 422 S.W.3d at 298 (quoting Luleff, 807 S.W.2d at 497–98). Appointed counsel's failure to review the pro-se motion for post-conviction relief and file either the required statement or amended motion on

_____

shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

7

behalf of the indigent movant in a Rule 29.15 proceeding created a unique problem. Despite the Supreme Court's resolve to provide counsel for indigent individuals in post-conviction proceedings, its unyielding disallowance of claims for ineffectiveness of post-conviction counsel deprived a movant of a viable remedy should counsel appointed under Rule 29.15(e) take no action following his or her appointment. Price, 422 S.W.3d at 297.

To address this inequity, the Luleff court crafted the doctrine of abandonment, announcing that abandonment of the movant by appointed counsel is tantamount to the failure of the motion court to appoint counsel under Rule 29.15(e). Price, 422 S.W.3d at 298 (interpreting Luleff, 807 S.W.2d at 498). Hence, the abandonment doctrine was introduced by the Court as a specific enforcement mechanism for subsection (e), which required the motion court to appoint counsel to represent an indigent movant. Importantly, the abandonment doctrine did not open the floodgates to general claims of ineffective assistance of post-conviction counsel. See id. Upon finding abandonment by appointed counsel, Luleff allowed the motion court to enforce subsection (e) by appointing new counsel and extending the time limits for filing the amended motion. Luleff, 807 S.W.2d at 498.

In the companion case of Sanders, appointed counsel undertook to represent the indigent movant upon appointment, but filed the amended motion after the required deadline. Price, 422 S.W.3d at 298 (citing Sanders, 807 S.W.2d at 494–95). "Sanders holds that the purposes of Rule 29.15(e) are frustrated as much by appointed counsel's failure to follow through with a timely amendment as by the 'complete absence of performance' in Luleff." Price, 422 S.W.3d at 298. Thus, the abandonment doctrine was applied to excuse an amended motion filed untimely by appointed counsel. See Sanders, 807 S.W.2d at 495.

8

While <u>Luleff</u> and <u>Sanders</u> remain the origin of the abandonment doctrine, the Supreme Court in <u>Price</u> recently clarified the doctrine's rationale (as stated above) and, in so doing, expressed a distinct limitation on the application of the doctrine:

> Accordingly, the rationale behind the creation of the abandonment doctrine in <u>Luleff</u> and <u>Sanders</u> was not a newfound willingness to police the performance of postconviction counsel generally. Instead, the doctrine was created to further the Court's insistence that Rule 29.15(e) be made to work as intended. Extensions of this doctrine that do not serve this same rationale must not be indulged.

<u>Price</u>, 422 S.W.3d at 298.

We acknowledge that the focus of <u>Price</u> was on the timeliness of the initial motion for post-conviction relief and not the filing of an amended motion. However, given the explicit language of <u>Price</u> as to the purpose of the abandonment doctrine, we find that factual distinction insignificant. Gittemeier urges this Court to look past the cautionary language of <u>Price</u> as dicta and proceed in accordance with this Court's prior decisions in <u>Castor v. State</u>, 245 S.W.3d. 909 (Mo. App. E.D. 2008) and <u>Silver v. State</u>, 477 S.W. 3d 697 (Mo. App. E.D. 2015). We are not persuaded that the language in <u>Price</u> is dicta, as such language is an integral part of Price's holding. The Supreme Court in <u>Price</u> made clear that courts have seen "a proliferation of abandonment claims well beyond its intended scope" and reaffirmed "that the abandonment doctrine created in <u>Luleff</u> and <u>Sanders</u> is limited to appointed counsel and the timeliness of amended motions under Rule 29.15(e) and (g)." <u>Price</u>, 422 S.W.3d at 307. The <u>Price</u> Court clearly and unequivocally stated that "the abandonment doctrine was created to excuse the untimely filing of amended motions by appointed counsel under Rule 29.15(e)." <u>Id.</u> at 297 (original emphasis removed). The plain language of Rule 29.15(e) does not refer in any manner to counsel privately retained in post-conviction proceedings. Following the clear direction of <u>Price</u>, extending the abandonment doctrine beyond appointed counsel does not "further the Court's insistence that Rule 29.15(e) be made to work as intended." <u>See id.</u> at 298. According

9

to Price, any extension of the abandonment doctrine that does not serve this original rationale "must not be indulged." Id. Extending the abandonment doctrine to post-conviction filings by privately retained counsel does not serve the original rationale of the abandonment doctrine, which was to provide a mechanism to address the failure of appointed counsel.

The careful wording of recent Supreme Court cases further supports our conclusion that the abandonment doctrine does not extend to privately retained counsel. When discussing the abandonment doctrine, the Price court was careful to mention appointed counsel specifically. See id. at 297 ("the abandonment doctrine was created to excuse the untimely filing of *amended motions* by appointed counsel" (emphasis in original)), 298 ("the Court adopted an exception purposely limited in both its rationale ... and in its application (**i.e., to amended motions filed by appointed counsel**).")). Lest we think the Supreme Court was imprecise with its language in Price, the language of other recent Supreme Court cases also suggests limiting the application of the abandonment doctrine to appointed counsel. See Moore, 458 S.W.3d at 825 ("**when post-conviction counsel is appointed** to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant. ... Abandonment **by appointed counsel** 'extend[s] the time limitations for filing an amended Rule 29.15 motion.'"), 826 ("If the motion court determines that the movant was abandoned **by appointed counsel's** untimely filing of an amended motion, the court is directed to permit the untimely filing."); Vogl v. State, 437 S.W.3d 218, 228 (Mo. banc 2014) ("This Court has outlined when a motion court is required to conduct an independent inquiry of a claim of abandonment of a post-conviction movant **by appointed counsel**). (All emphasis added, unless otherwise noted.) We are aware of no Missouri Supreme Court case applying the abandonment doctrine where an untimely

10

amended post-conviction motion was filed by anyone other than court-appointed counsel. To do so here clearly would conflict with the strongly worded and unmistakable mandate of Price.

Finally, as noted by Gittemeier, in Castor v. State, this Court held the doctrine of abandonment to be "equally applicable to both appointed and retained counsel." 245 S.W.3d 909, 912 (Mo. App. E.D. 2008).[5] In reaching this holding, we correctly noted that the time limits for filing a post-conviction motion under subsection (g) are the same for both appointed and retained counsel, and this Court equitably found no reason to distinguish between appointed counsel or retained counsel in matters of abandonment. Id. However, our holding in Castor predates the cautionary clarification of the abandonment doctrine later announced in Price. As noted above, Price explained that the abandonment doctrine was created specifically to enforce subsection (e) of Rule 29.15, and subsection (e) provides the basis for distinguishing between appointed counsel and privately retained counsel. Because subsection (e) only directs the actions of the motion court and appointed counsel, extending the abandonment doctrine to cases not involving appointed counsel does not assist in implementing the requirements of subsection (e). See Price, 422 S.W.3d at 298. We do not lightly depart from our prior holding. But our reasoning in Castor no longer reflects the current state of the law relating to the abandonment doctrine as explained in Price. Accordingly, we decline to follow our prior holding in Castor.[6]

---

[5] While Castor involved a Rule 24.035 motion, the relevant provisions in Rule 24.035 are identical to those in Rule 29.15 (at issue here), so the holding Castor applies to each rule. See Vogl, 437 S.W.3d at 224 n.7. Rule 24.035(e)—regarding appointment of counsel after a pro-se motion—is identical to Rule 29.15(e). Likewise, Rule 24.035(g)—regarding the time limits for filing amended motions—is effectively the same as Rule 29.15(g), except for the language making clear that Rule 24.035 applies to motions filed after a guilty plea, while Rule 29.15 applies to motions filed after a trial.

[6] At least three post-Price cases have applied, without discussion, the abandonment doctrine to post-conviction filings by non-appointed counsel. See Silver v. State, 477 S.W.3d 697, 699–700 (Mo. App. E.D. 2015); Roberts v. State, 473 S.W.3d 672, 674 (Mo. App. E.D. 2015); and Bustamante v. State, 478 S.W.3d 431, 435 n.2 (Mo. App. W.D. 2015). Gittemeier emphasizes our recent opinion in Silver, which remanded the post-conviction matter to the motion court for an abandonment inquiry due to an untimely filing of an amended petition by privately retained counsel under circumstances very similar to those presented here. Notably, the issue of whether the abandonment doctrine applied to privately retained counsel or was limited to court-appointed counsel was not raised by the parties

11

Gittemeier suggests that limiting the abandonment doctrine only to post-conviction proceedings wherein the movant is represented by court-appointed counsel is an arbitrary and capricious application that will have serious and unfair consequences to the dispensing of justice. We agree that limiting the application of the abandonment doctrine under the instruction of Price presents a seemingly unequal treatment of post-conviction motions depending upon whether appointed counsel or privately retained counsel filed the amended petition. We also acknowledge the potential impact of this decision on the post-conviction process. But this distinction must be viewed in light of the larger history and context of a felon's right to post-conviction relief, which as noted at the beginning of this opinion, is non-existent under the federal constitution and exists in the states only to the extent the state, in its sole discretion, chooses to grant. Missouri has adopted court Rules 29.15 and 24.035 as the vehicles for allowing post-conviction relief for persons convicted of a felony after trial or upon a guilty plea. But for Rules 29.15 and 24.035, felons have no right to post-conviction relief in Missouri. Indeed, both Rules 29.15 and 24.035 state that they are "the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 29.15(a); Rule 24.035(a). A convicted felon's right in a post-conviction relief is limited to the relief provided by these two rules, as are we, because Missouri continues to reject claims of ineffective assistance of counsel to challenge the effectiveness of post-conviction counsel. Barnett, 103 S.W.3d at 773. Our opinion simply follows the limitations on post-conviction relief as explained by the Supreme Court in Price given the plain and clear language of the Rule 29.15(e).[7]

in Silver or the other cases. As a result, none of these opinions considered the issue of whether the abandonment doctrine applies to filings made by privately retained counsel.

[7] Whether revisions to these rules should be considered to address the potentially unfair consequences to movants or challenges to the public-defender system in the post-conviction process as suggested by Gittemeier is beyond the scope of our charge in this opinion.

12

## III. Gittemeier's Pro-Se Motion

The amended motion filed by Gittemeier's privately retained counsel was untimely and cannot benefit from the extended time limits provided under the abandonment doctrine. Accordingly, the motion court was limited to reviewing Gittemeier's timely filed pro-se motion for post-conviction relief, which was properly before the motion court.

Gittemeier raised one claim in his pro-se motion: "Trial counsel was ineffective for failing to challenge whether an ATV is a motor vehicle pursuant to RSMo. 577.010."

Post-conviction counsel re-alleged nearly the same claim in his amended motion: "Trial counsel and Appellate counsel failed to challenge whether an ATV is a motor vehicle pursuant to RSMo. 577.010, thus conceding to a material element of the offense charged." While the motion court did not expressly consider the pro-se claim, it did consider and deny Gittemeier's claim as it was restated in the amended motion. The motion court found that Gittemeier "failed to present evidence to support his claim" regarding trial counsel's failure to challenge whether an ATV is a motor vehicle. Because the motion court considered and rejected the only claim raised in Gittemeier's pro-se motion, we see no merit in remanding this matter to the trial court to reconsider that pro-se claim. Cf. Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) (finding remand for an abandonment inquiry to be "pointless," as the motion court had already considered and denied all claims in both the pro-se and amended motions with written findings of fact and conclusions of law). By considering the claim raised by Gittemeier in his pro-se motion and denying that claim with written findings, the motion court accorded Gittemeier the process to which he was entitled. See id.

On appeal, however, Gittemeier does not challenge the motion court's ruling on his pro-se claim. Because Gittemeier's points on appeal relate only to additional claims raised in his

13

untimely amended motion and not contained within the timely filed pro-se motion, we cannot consider those points. All points are denied.

## Conclusion

The case is transferred to the Supreme Court of Missouri pursuant to Rule 83.02.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.